Jose **MORALES BORRERO**, Plaintiff,

v.

Carlos **LOPEZ FELICIANO**, et al., **Defendants.**

Civ. No. 86–0703(PG).

United States District Court, Puerto Rico.

April 4, 1989.

Jesús Hernández Sánchez, Santurce, P.R., for plaintiff.

Rebeca F. Rojas, Federal Litigation Div., Dept. of Justice, San Juan, P.R., for defendants.

PEREZ–GIMENEZ, Chief Judge.

## OPINION AND ORDER

Plaintiff, José Morales Borrero, and the conjugal partnership constituted with his wife,[1] filed this civil rights action against the Commonwealth of Puerto Rico,[2] Carlos López Feliciano,[3] former Superintendent of the Police of Puerto Rico, in his personal and official capacity, Rafael Montañez Rivera, Subdirector of the Corps of Criminal Investigations ("CIC") of the District of Bayamón, Puerto Rico, Lieutenant Morales, Officer of the CIC,[4] two unidentified CIC agents, and Rafael Pagán, one of the CIC agents who arrested Morales Borrero. Plaintiff seeks six million dollars ($6,000,-000.00) in compensatory and punitive damages for the defendants' alleged violation of Morales Borrero's constitutional rights.

Jurisdiction over the federal claims is asserted pursuant to 28 U.S.C. § 1343. Morales Borrero had also appended state claims pursuant to this Court's pendent jurisdiction in the original and the first amended complaint.

This matter is now before the Court on the motion of defendants for dismissal of the second amended complaint[5] for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6).

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to the relief requested. *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081–82, 31 L.Ed.2d 263 (1972); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). It is well established that, on a motion to dismiss, the Court takes the factual allegations in plaintiff's complaint to be true and view them, together with reasonable inferences to be drawn therefrom in the light most favorable to the plaintiff.

### Facts

The uncontroverted allegations of plaintiff's complaint assert that plaintiff had filed a case in the Superior Court of Puerto Rico, Bayamón Part, civil case No. 78–832, for cancellation of a promissory note, wherein he alleged that he had lost the promissory note. It appears that Superior Court Judge Meléndez Grillasca charged Morales Borrero in civil case No. 78–832 with committing perjury in open court while testifying in the case and ordered his incarceration for thirty days. Subsequently, on April 14, 1980, Judge Meléndez Grillasca declared null and void said jail sentence because he became aware of the fact that the promissory note which plaintiff had declared he had lost had actually been cancelled.

---

1. The conjugal partnership was dismissed in our Opinion and Order of August 6, 1987.

2. The claim against the Commonwealth of Puerto Rico was dismissed in our Opinion and Order of August 6, 1987.

3. Co–defendant López Feliciano, in his official capacity, is automatically substituted by his successor under Fed.R.Civ.P. 25(d). However, an order of substitution will not be necessary because of the dismissal of the complaint.

4. The complaint does not state in what capacity are co-defendants Francisco Morales and Rafael Montañez sued. However, a court should construe a vague complaint as naming state officials in both their personal and official capacities following the principle that allegations against state officials should be liberally construed in favor of the plaintiff. *Jacobs v. College of William and Mary*, 495 F.Supp. 183, 188 n. 6 (D.Va.1980), *affirmed without opinion* 661 F.2d 922 (4th Cir.), *cert. denied* 454 U.S. 1033, 102 S.Ct. 572, 70 L.Ed.2d 477 (1981).

5. This second amended complaint was allegedly made to clarify the complaint, therefore, it incorporates by reference, although not stated so specifically, the complaints that preceded it, that is, the original complaint and the first amended complaint.

In the meantime, on February 1, 1980, it appears that Luis Sarate, Justice of the Peace for the District Court of Puerto Rico, Bayamón Part, found probable cause to arrest plaintiff for the crime of perjury in relation to civil case No. 78–832, and he issued an arrest warrant. On January 13, 1986, plaintiff Morales Borrero was arrested by members of the CIC of the Commonwealth of Puerto Rico. He was taken before a magistrate who fixed a bond in the amount of $5,000.00. Plaintiff was photographed and his fingerprints were taken by CIC agents. Criminal charges were filed against Morales Borrero for the crime of perjury in the District Court of Puerto Rico, Bayamón Part, case No. 86–192. A preliminary hearing was held on February 7, 1986, and Judge Juan Ortiz Torrales dismissed the charges of perjury pursuant to Rule 247(b) of the Puerto Rico Rules of Criminal Procedure based on the fact that Judge Meléndez Grillasca had nullified the thirty-day jail sentence in civil case No. 78–832.

*Conclusions of Law*

Suits against officials in their individual capacity "seek to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham,* 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). To establish personal liability in a section 1983 action, the plaintiff must show that the official acting under color of state law caused the deprivation of a federal right. *Id.* [105 S.Ct.] at 3106. Though personal participation is not required for liability to attach, (citations omitted) there is no concept of "supervisory strict liability" in section 1983 actions. (citations omitted). *Clay v. Conlee,* 815 F.2d 1164, 1169–70 (8th Cir.1987). *See also Miranda v. Muñoz,* 770 F.2d 255 (1st Cir.1985).

A state "official, sued under section 1983 in his or her official or individual capacity can be held liable for the behavior of his or her subordinates if (1) the behavior of such subordinates results in a constitutional violation and (2) the official's action or inaction was 'affirmative(ly) link(ed)', *City of Oklahoma City v. Tuttle,* 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791, *reh'g denied,* 473 U.S. 925, 106 S.Ct. 16, 87 L.Ed.2d 695 (1985), to that behavior in the sense that it could be characterized as 'supervisory encouragement, condonation, or acquiescence' or 'gross negligence amounting to deliberate indifference.' *Lipsett v. University of Puerto Rico,* 864 F.2d 881, 902 (1st Cir.1988). *See also Voutour v. Vitale,* 761 F.2d 812 (1st Cir.1985), *cert. denied* 474 U.S. 1100, 106 S.Ct. 879, 88 L.Ed.2d 916 (1986).

In conclusion, in order to hold an officer or a supervisory official liable under section 1983 plaintiff has to show that the conduct complained of deprived him of rights, privileges or immunities secured by the Constitution or laws of the United States. *Id.,* at 819.

In *Baker v. McCollan,* 443 U.S. 137, 138, 99 S.Ct. 2689, 2691–92, 61 L.Ed.2d 433 (1979), the United States Supreme Court declared that "the first inquiry in any § 1983 suit, ... is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'" 443 U.S. at 140, 99 S.Ct. at 2692. Plaintiff asserts that his arrest was illegal. The constitutional provision allegedly violated by defendants' action is presumably the Fourteenth Amendment's protection against deprivations of liberty without due process of law.

The Fourth Amendment, as applied to the states, by virtue of its "incorporation" into the Fourteenth Amendment, requires "the States to provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty." *Baker,* 443 U.S. at 142, 99 S.Ct. at 2692, *citing Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). The probable cause determination "must be made by a judicial officer either before or promptly after arrest." *Id.* [*Gerstein*] at 125, [95 S.Ct. at 869]. Since an adversary hearing is not required, and since the probable-cause standard for pretrial determination is the same as that for arrest, a person arrested pursuant to a warrant issued by a magistrate on a showing of probable cause is not consti-

tutionally entitled to a separate judicial determination that there is probable cause to detain him pending trial."
*Baker,* 443 U.S. at 142–43, 99 S.Ct. at 2694.

Plaintiff herein claims that the arrest warrant was not valid at the time that was arrested because the charges of perjury against plaintiff had been dismissed.

We assume that Morales Borrero was charged pursuant to 33 L.P.R.A. § 430 [6] with committing perjury in open court while testifying in civil case No. 78–832. It also appears that he was subsequently charged presumably under 33 L.P.R.A. § 4421 [7] for the crime of perjury in the District Court of Puerto Rico, case No. V.P. 86–192.

The punishment for contempt under 33 L.P.R.A. § 430 is cumulative and does not prevent the prosecution and punishment of the offender for perjury under other statutes, this proceeding being only "intended as a summary manner of dealing with cases of perjury committed in open court where the falsity of the testimony is appar-

ent to the judge of the court." *The People v. Tourquet,* 17 P.R.R. 1037, 1038 (1911). The punishment inflicted under section 430 is imposed for the contempt and not for the crime of perjury by means of which it was committed, which as the statute [8] provides, the defendant might still be called on to answer for in another prosecution. *The People v. Valcourt,* 18 P.R.R. 471 (1912).

■ The arrest warrant was presumably issued by a justice of the peace upon a showing of probable cause. The criminal charge for perjury under 33 L.P.R.A. § 4421 against Morales Borrero had not been dismissed as plaintiff alleges when he was arrested on January 13, 1986. What had been previously dismissed when plaintiff was arrested was the charge for contempt for perjury in open court under 33 L.P.R.A. § 430 in civil case No. 78–832. In short, when plaintiff was arrested, the charge for perjury under section 4421 remained open and the arrest warrant issued resulting from said charge remained outstanding.[9]

---

6. Section 430 states:

When during trial of any case pending in the District or Superior Court of Puerto Rico a witness shall appear and take an oath, or shall affirm that he will testify and depose truly before any such tribunal—and after having taken such oath or affirmation, shall willfully, and contrary thereto, state as true any material matter which he knows to be false, or which he does not know to be true is guilty of perjury; and when such oath or affirmation is taken in open court, and is violated as herein provided, then said witness is guilty of contempt of court.... If the judge presiding in said case shall be satisfied, in any case pending in his court, that a witness, after taking the oath, or after having affirmed, as prescribed by statute, to testify truly in any matter pending in the court, is guilty of perjury as herein defined, then it shall be the duty of said judge so trying the case, and he is hereby empowered on his own motion alone to cause the arrest and detention of the party so offending, and he shall issue an order, to be served on the offending party, to appear and show cause why he should not be punished for contempt of court....

7. Section 4421 provides in part:

Every person who, having taken an oath that he will testify, declare, depose or certify truly before any competent court, body, official or person, in any of the cases or proceedings in which such an oath may be administered by

law, states as true any essential fact which he knows to be false or makes an unqualified statement of an essential fact which he does not know to be true, shall be punished by imprisonment for a fixed term of six (6) years.

8. 33 L.P.R.A. § 431 states:

The power given herein to the judge of any court to punish as for a contempt any perjury committed in open court is not to be understood as taking away from the courts the power and authority to punish for perjury as provided by other statutes and laws of Puerto Rico; but this is intended as a summary manner of dealing with cases of perjury committed in open court where the falsity of the testimony is apparent to the judge of the court.
Section 432 provides that:
In case of a person being sentenced for perjury in proceedings for contempt of court and his being prosecuted in a criminal cause for the same offense, no evidence whatever of the order or sentence dictated by the judge nor anything related to said order shall be admissible.

9. *Compare Murray v. City of Chicago,* 634 F.2d 365 (7th Cir.1980), *cert. granted sub nom. Finley v. Murray,* 454 U.S. 962, 102 S.Ct. 501, 70 L.Ed. 2d 377 (1981), *cert. dismissed,* 456 U.S. 604, 102 S.Ct. 2226, 72 L.Ed.2d 366 (1982). Plaintiff was

Furthermore, the age of the arrest warrant does not affect its authority. We have found no Puerto Rico case which holds that an unexecuted arrest warrant becomes a nullity. *Cf. Heine v. Connelly,* 644 F.Supp. 1508, 1511 (D.Del.1986). What the Supreme Court of Puerto Rico has held is that "when the prescriptive period is interrupted by the issuance of a warrant of arrest, the latter must be diligently executed and that, unless there are special circumstances to prevent it, the lack of execution within a reasonable period may thwart the effects of the interruption." *People v. Superior Court,* 84 P.R.R. 22, 26 (1961).

Furthermore, we note that a motion to dismiss an information or complaint based on the grounds that the offense has prescribed or that defendant has been placed in jeopardy or has been acquitted of the offense charged is a remedy that can only be granted at defendant's request and, unless requested, it is considered waived. Rule 64(e), (m) of Puerto Rico Rules of Criminal Procedure. *See People v. Superior Court,* 94 P.R.R. 56 (1967).

In conclusion, plaintiff was deprived of his liberty pursuant to a warrant conforming to the requirements of the Fourth Amendment.

Plaintiff further contends that codefendants López Feliciano and Montañez should have known that the applicable laws of the Commonwealth counseled against going ahead with the arrest of plaintiff.

■ Unless a warrant is facially invalid, an officer has no constitutional duty to independently determine its validity. *Baker v. McColland,* 443 U.S. at 145–46, 99 S.Ct. at 2694–96 (1979). The Supreme Court of the United States stated: "[We]

do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent." *Id.*

■ Assuming arguendo that this case came within some exception to the *Baker* rule allowing plaintiff to state a claim, the good faith of co-defendant Montañez uncontradicted in the record could shield him from liability. *Brewer v. Blackwell,* 692 F.2d 387, 399 n. 17 (5th Cir.1982). Police officers are not absolutely immune from civil liability for section 1983 violations. *Id.,* at 387. The Supreme Court held in *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), that they enjoy immunity only if they acted in good faith. In judging the immunity of officer Montañez the Court uses an objective standard of good faith. *Harlow v. Fitzgerald,* 457 U.S. 800, 815–19, 102 S.Ct. 2727, 2736–39, 73 L.Ed.2d 396 (1982); *Briggs v. Malley,* 748 F.2d 715 (1st Cir.1984), *cert. denied,* 471 U.S. 1124, 105 S.Ct. 2654, 86 L.Ed.2d 271 (1985), *aff'd by,* 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). Public officials "are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow,* 457 U.S. at 814, 102 S.Ct. at 2736.

■ Officer Montañez acted reasonably in executing an outstanding arrest warrant issued upon a magistrate's finding of probable cause, therefore, facially valid and regular on its face. There is no allegation in any of the pleadings that in executing the warrant officer Montañez acted in bad faith or with notice of any infirmity in the warrant even if in fact the warrant upon

arrested on an invalid warrant that had been previously quashed but the warrant recall had never been transmitted properly from the clerk's office to the police department. The court held that the complaint against the city could not be dismissed at the early stage of the lawsuit because it was possible that plaintiff might be able to establish the existence of a policy, custom or practice that fails to note when warrants have been quashed and lead to arrests based on invalid warrants.

In *Thibodeaux v. Arceneaux,* 768 F.2d 737, 739 (5th Cir.1985), the issue whether the arrest warrant held by the city and not recalled was, after the charges were dismissed, sufficiently valid to support the arrest was not addressed by the court because under the undisputed evidence the only defendant, the clerk of the court, had no personal participation in or any causal connection to the error of the deputy clerk and the ultimate arrest.

which he acted was invalid. *See, e.g., Turner v. Raynes,* 611 F.2d 92 (5th Cir.), *reh'g denied,* 614 F.2d 1298, *cert. denied,* 449 U.S. 900, 101 S.Ct. 269, 66 L.Ed.2d 129 (1980) (sheriff's immunity for execution of valid warrant); *Krohn v. United States,* 742 F.2d 24, 27 (1st Cir.1984) (a federal official does not violate the Constitution by executing a facially valid state warrant if he does not know that it is invalid).

As to the supervisory defendants, plaintiff had to show that the conduct complained of deprived him of his rights secured by the Constitution and laws of the United States. *Voutour v. Vitale, supra.* As to this inquiry the court in *Voutour* stated that it has "two distinct elements," namely, whether there was a deprivation and whether the defendants' conduct caused this deprivation.

The Court has already concluded that plaintiff's arrest conformed to the requirements of the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment. That being the case, plaintiff's arrest did not deprive him of any federal constitutional right, and he thus has no cause of action against defendants under section 1983. *Cf., Clay v. Conlee, supra,* at 1169; *Smith v. Gonzales,* 670 F.2d 522, 526 (5th Cir.), *cert. denied,* 459 U.S. 1005, 103 S.Ct. 361, 74 L.Ed.2d 397 (1982).

### State Claims

The second amended complaint does not allege pendent state claims as the original and the first amended complaint. However, even assuming that it did allege pendent state law claims, the same would have been dismissed. All federal claims have been dismissed before trial and the balance of factors, point toward our declining to exercise jurisdiction. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 619 n. 7, 98 L.Ed.2d 720 (1988).

WHEREFORE, in view of the above, the Court hereby GRANTS defendants' motion to dismiss the second amended complaint

and ORDERS the DISMISSAL of the second amended complaint.

Judgment shall be entered accordingly. IT IS SO ORDERED.