**PFZ PROPERTIES, INC., Plaintiff,**

v.

**René A. RODRÍGUEZ, et al.,**
**Defendants.**

**Civ. No. 87–1915 HL.**

United States District Court,
D. Puerto Rico.

March 9, 1990.

Nachman & Fernandez Sein, Santurce, P.R., José Luis Novas Dueño, Hato Rey, P.R., Guz Bauman, pro hac vice, Beveridge & Diamond, Susan H. Ephron, pro hac vice, Washington, D.C., for plaintiff.

Dept. of Justice, María L. Jiménez, San Juan, P.R., for René Alberto Rodríguez.

## OPINION AND ORDER

LAFFITTE, District Judge.

This case concerns a dispute over a residential and tourist development project in an area known as Vacia Talega in Loiza, Puerto Rico. Plaintiff PFZ Properties, Inc. ("PFZ") brought the present action claiming that the Puerto Rico Regulations and Permits Administration (hereinafter called by its Spanish acronym "ARPE") and its former administrator, René Alberto Rodriguez[1], deliberately delayed and failed to process certain construction drawings for site improvements submitted by PFZ to ARPE in February 1982. PFZ brings this action under the Civil Rights Statute, 42 U.S.C. Section 1983, alleging that defendants have violated its procedural and substantive due process rights and equal protection of the laws. Defendants move to dismiss this action on various grounds. As a result of our conclusion, we only address the issue of whether PFZ has stated a cause of action under Section 1983.[2]

---

1. Codefendant Rodriguez was the Acting Administrator of the Regulations and Permits Administration from March 1, 1987 until he was appointed Administrator on September 2, 1987. He held the position of Administrator until February 20, 1989. At the time of this lawsuit was filed, Rodriguez was the Administrator of ARPE. Since Rodriguez is no longer at ARPE, he has been replaced by Salvador Arana as the current Administrator of ARPE. Pursuant to Federal Rule of Civil Procedure 25(d), Salvador Arana automatically shall be substituted as a party in his official capacity as Administrator of ARPE. However, Rodriguez shall remain as a defendant in his individual capacity.

2. Defendants also contend in their motion to dismiss that the action is time barred and that the Eleventh Amendment immunity bars this action. We find that these arguments are without merit and they will not be addressed. Thus, the Court only addresses the issue of whether PFZ has stated a cause of action. Since the Court concludes that PFZ does not have a cause of action under Section 1983, the issue of qualified immunity raised in defendants' motion for summary judgment need not be discussed. Likewise, there is no need to rule on the executive privilege raised by defendants when PFZ sought to depose two Governor's aides. *See* Motion to Alter or Amend Order and Request for Stay of Proceedings, and plaintiff's Opposition, Docket numbers 61 and 63.

## I. FACTS

In deciding defendants' motion to dismiss, the Court accepts the allegations in the amended complaint as true and views them in the light most favorable to plaintiff PFZ. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Morales Borrero v. Lopez Feliciano*, 710 F.Supp. 32, 33 (D.P.R.1989).

Since 1960, PFZ owns 1,358,65 "cuerdas"[3] in Vacia Talega. Some years after its purchase of the land, PFZ applied to the Puerto Rico Planning Board[4] to development the land into a 4,000–unit residential and tourist complex. Following extensive review and hearings, the Planning Board finally approved PFZ's project on May 14, 1976 ("the 1976 Planning Board Resolution").[5]

On August 24, 1978, PFZ timely submitted to ARPE plans for the internal preliminary development of blocks for the first section of the project, as required by the 1976 Planning Board Resolution. On February 24, 1981, ARPE approved the plans for the first section ("the 1981 ARPE Resolution").

On February 22, 1982, PFZ timely submitted to ARPE construction drawings for site improvements for the subdivision works of block 2 of the first section ("the construction drawings"), as required by the 1976 Planning Board Resolution and the 1981 ARPE Resolution.[6] The construction drawings were accompanied by a letter from the firm of engineers, architects and planners engaged by PFZ to develop Vacia Talega. The letter informed ARPE that it was impossible for PFZ to present the final construction plans for the off-site works because the endorsements of Aqueduct and Sewer Authority and the Electric Energy Authority were not received until November 3, 1981 and January 14, 1982, respectively.

In order to facilitate the processing of the project, PFZ also submitted the preliminary project plans for the structures to be constructed in block 2 of the first section ("the preliminary project plans") for ARPE's comments which were not required at that stage of the agency process. However, ARPE returned the preliminary project plans because they were premature and not in compliance with the 1981 ARPE Resolution, which established that the construction drawings for site improvements be processed first. ARPE also informed PFZ that it had sent the construction drawings to its Regional Office in Carolina, Puerto Rico.

On January 27, 1986, the PFZ engineers wrote to ARPE to inquire about the status of the construction drawings. On February 19, 1986 and September 9, 1986, ARPE held meetings to discuss the project with other Commonwealth agencies. PFZ and

---

3. A "cuerda" is a Spanish measure equivalent to 0.97 acre. VELAZQUEZ, *Diccionario de los Idiomas Inglés y Español* 193 (1973); *Culebras Enterprises Corp. v. Rivera Rios,* 813 F.2d 506, 508 (1st Cir.1987).

4. The Puerto Rico Planning Board was created for the general purpose of "guiding the integral development of Puerto Rico" that will best promote the general welfare of the present and future inhabitants. The Planning Board is responsible for setting policies in the areas of development, distribution of population, use of the land and other natural conditions in Puerto Rico. 23 L.P.R.A. sec. 62c.

5. The 1976 Planning Board Resolution approved the development project in two phases. The first section would create 2,000 hotel rooms and 2,000 residential units on 106 cuerdas. The second section would develop 6,600 hotel rooms and 6,135 residential units on 266.41 cuerdas.

    The Puerto Rico Superior Court upheld the 1976 Planning Board Resolution against a petition filed by local residents requesting reconsideration of the 1976 Planning Board Resolution on the ground that the Planning Board did not adequately consider the development's impact on the environment and the residents living in the area. The Puerto Rico Supreme Court declined to exercise appellate jurisdiction over the resident's appeal on January 4, 1978.

6. ARPE "shall issue the corresponding permit based on the compliance with the regulation provided in section 42a of this title and in the certificate submitted by said engineer or architect, and shall file a copy of said permit together with the plans and other documents, required in accordance with the regulation provided in sections 42a–42h of this title." 23 L.P.R.A. sec. 42c. It shall also have the powers "to investigate all matters relative to the transaction or granting of said permit ... and may take such administrative or judicial action as may correspond." *Id.*

its engineers attended the September 9th meeting. At the meeting no one directly or indirectly questioned the validity and effectiveness of the 1976 Planning Board Resolution or the 1981 ARPE Resolution nor the timeliness of the filing of PFZ's construction drawings.

Sometime between the first and second ARPE meetings, two senators had proposed a bill to incorporate the Vacia Talega area as part of the Commonwealth forest system. The bill proposed to conserve for scientific, ecological and passive recreation purposes the Vacia Talega area, an area known for its mangrove-rich lands.

On February 26, 1987, the former administrator of ARPE, Lionel Matta–García, wrote to PFZ's engineers informing them that because a considerable length of time had lapsed from the original approval of the project (October, 1970), it was necessary to receive updated comments from the government agencies. The letter also stated that it considered the construction plans as preliminary because they lacked basic details about the urbanization works to serve the project. The letter granted PFZ a year from the date of the letter to submit final construction plans. Matta–García warned PFZ that if this deadline was not complied with, then the project would be dismissed.

PFZ claims it never received this letter of February 26, 1987. PFZ points out that the letter was signed by Matta–García two days before he retired and that his subordinate and incoming administrator, codefendant Rodriguez, did not forward the letter but had the letter filed in a secret file involving the Vacia Talega project.

On October 8, 1987, the PFZ engineers again wrote to ARPE requesting information regarding the processing of the project. ARPE never answered this letter.

In November and December of 1987, the local newspapers reported that sponsors of the bill to make Vacia Talega area a forest reserve, called on the Governor of Puerto Rico to freeze the PFZ project until the House could vote on the approved Senate bill. The newspapers also reported that the Governor was reevaluating public poli-cy on the environmentally sensitive coastal area of Vacia Talega and that no permit decision would be made until a new public policy could be determined.

On November 27, 1987, PFZ's engineers resubmitted the returned preliminary project plans to ARPE. After a PFZ officer attended a December 9, 1987 meeting with the Special Advisor of the Governor to discuss the project, PFZ filed on December 28, 1987 this action.

On August 2, 1988, ARPE sent two letters to PFZ's engineers, one from the Assistant Administrator of ARPE's Area of Regional Operations and the other from Assistant Administrator in charge of ARPE's Program of Technical Revisions. In these two letters, PFZ was informed that the 1976 Planning Board Resolution and the 1981 ARPE Resolution were no longer in effect because the preliminary project plans were not considered advanced plans. ARPE returned the preliminary project plans but the construction drawings were neither returned nor referred to in the letter. On August 17, 1988, PFZ's engineers immediately wrote a letter to ARPE requesting reconsideration of the decision and unequivocally informing ARPE that it had reviewed the wrong drawings. Two sets of drawings were submitted by PFZ—the construction drawings and the preliminary project plans. The latter were sent to aid ARPE technicians in their review of the construction drawings. ARPE, nevertheless, denied PFZ' request for reconsideration.

PFZ then requested review of the agency's decision before the Puerto Rico Superior Court. The Superior Court affirmed the ARPE's decision and PFZ sought further review before the Puerto Rico Supreme Court. The Supreme Court denied review.

PFZ alleges that ARPE deliberately delayed processing of the construction drawings and illegally refused to process construction drawings pursuant to Puerto Rico law, ARPE's regulations and practices. PFZ claims that defendants' deliberate actions have deprived PFZ of its constitutional rights to procedural and substantive due process and equal protection. PFZ seeks

damages and a permanent injunction prohibiting defendants from refusing to process the construction drawings and the preliminary project plans and ordering defendants that the construction drawings and the preliminary project plans be processed. Defendants move to dismiss on the ground that the complaint fails to state a claim under Section 1983. For the reasons below, we grant the motion to dismiss.

## II. PROCEDURAL DUE PROCESS

■ To establish a claim for deprivation of procedural due process under Section 1983, PFZ must allege that 1) it has a property interest and 2) defendants, acting under color of law, deprived plaintiff of that property interest without constitutionally adequate procedural process. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428, 102 S.Ct. 1148, 1154, 71 L.Ed.2d 265, 273 (1982). *See Cleveland Bd. of Education v. Loudermill*, 470 U.S. 532, 541, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494, 503 (1985); *Board of Regents v. Roth*, 408 U.S. 564, 569–70, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548, 556–57 (1972).

Defendants argue that PFZ has failed to satisfy the first prong because PFZ cannot claim a property interest in a construction permit it has not yet received. Defendants contend that procedural due process is afforded only to persons who are enjoying a government benefit. Defendants contend that PFZ's application for a construction permit does not create a property interest in obtaining a construction permit and therefore they are not entitled to any type of process. PFZ claims, however, that it is reasonable to conclude that once it received the Planning Board's approval of its project in 1976 and ARPE's issuance of a formal resolution in 1981 that it had a legitimate claim of entitlement to the government's approval of the construction drawings. Assuming that PFZ acquired a property interest in obtaining a construction permit for its project, PFZ does not show that it was deprived of adequate process.

The key issue in procedural due process was whether there was adequate process. Puerto Rico law afforded PFZ review of ARPE's denial to review PFZ's construction drawings. 23 L.P.R.A. sec. 72d[7]. The law provides for both agency and judicial review. PFZ had available the procedural remedy of requesting reconsideration of ARPE's denial to review PFZ's construction drawings. PFZ exercised that remedy in its letter of August 17, 1988. Although ARPE denied PFZ's request for reconsideration, the mere denial does not mean that PFZ was not afforded a remedy. PFZ also appealed ARPE's denial to the Puerto Rico Superior Court and the Superior Court affirmed the agency's decision. PFZ sought further review before the Puerto Rico Supreme Court and the Supreme Court denied review. Because PFZ had available both administrative and judicial remedies, which PFZ exercised, we cannot conclude that PFZ was deprived of a meaningful opportunity to be heard in violation of due process. *See Bello v. Walker*, 840 F.2d 1124, 1128 (3rd Cir.1988); *Creative Environments, Inc. v. Estabrook*, 680 F.2d 822, 829–30 (1st Cir.1982). *See also Rogers v. Okin*, 738 F.2d 1 (1st Cir.1984); *Roy v. City of Augusta*, 712 F.2d 1517 (1st Cir.1983).

PFZ claims that it was entitled to have ARPE review the construction drawings and make comments. PFZ argues that if the construction drawings did not comport with the regulations then according to

---

7. 23 L.P.R.A. sec. 72d provides that:

Any party aggrieved by the action, decision or resolution of the Regulations and Permits Administration on housing development cases, in regard to which a petition for reconsideration was instituted before the Administration within the first thirty (30) days from the mailing of the notice of said action or decision and was denied by the latter, may file a petition for review before the San Juan Part of the Superior Court of Puerto Rico or any Part whose jurisdiction comprises the place where the project is located, within the term of thirty (30) days reckoning from the mailing date of the notice of denial of the petition for reconsideration.

Once the petition for review is established, if the writ is issued, it shall be the duty of the Regulations and Permit Administration to remand to the court the record of the case within fifteen (15) calendar days following the issuance of the writ.

The review before the Superior Court shall be limited exclusively to issues of law.

ARPE's custom and practice, ARPE had to inform proponent of the project and give the proponent an opportunity to make changes. Although ARPE may not have afforded PFZ with the opportunity to make changes before the construction drawings were rejected pursuant to ARPE's custom and practice, the mere refusal to follow state law or agency custom does not give rise to a federal violation. In *Roy*, the court emphasized that where state courts are available to correct errors, "the mere fact the individual defendants may have refused to renew (plaintiff's) permit for reasons untenable under Maine law gives rise to no federal right". 712 F.2d at 1523. *See also Chiplin Enterprises, Inc. v. City of Lebanon*, 712 F.2d 1524, 1526 (1st Cir. 1983) (a mere bad faith refusal does not constitute a due process violation where judicial review is available to correct the error). Like the plaintiff in *Roy*, PFZ received minimal due process in the form of reconsideration before the agency and appeal before the local courts. *Id.*

### III.  SUBSTANTIVE DUE PROCESS

█ The First Circuit has repeatedly found that controversies surrounding rejections of proposed land development projects and denials of permits does not amount to a federal constitutional violation. *See Chiplin Enterprises, Inc. v. City of Lebanon*, 712 F.2d 1524 (1st Cir.1983); *Roy v. City of Augusta*, 712 F.2d 1517 (1st Cir.1983); *Creative Environments, Inc. v. Estabrook*, 680 F.2d 822 (1st Cir.1982). The Court has also held that even where state officials have clearly violated state law in the area of land planning or zoning, this action does not rise to the level of a constitutional deprivation. In order to establish a substantive due process claim involving a dispute between a developer and a state agency, the developer must show that there was racial animus, political discrimination, or fundamental procedural irregularity in the processing of the projects. *Chiplin Enterprises*, 712 F.2d at 1528; *Roy*, 712 F.2d at 1523; *Creative Environments*, 680 F.2d at 833. *See Raskiewicz v. Town of New Boston*, 754 F.2d 38, 44 (1st Cir.1985) ("federal courts do not sit as a super zoning board or a zoning board of appeals"); *Steel Hill Development v. Town of Sanbornton*, 469 F.2d 956, 960 (1st Cir.1972) ("a court does not sit as a super zoning board with power to act *de novo*, but rather has, in the absence of alleged racial or economic discrimination ..., a limited role of review").

PFZ alleges that ARPE violated its rights under substantive due process when ARPE arbitrarily, capriciously or illegally delayed and denied review of the construction drawings. PFZ further alleges that the handling of its project was tainted with fundamental procedural irregularities. PFZ specifically claims that defendants disregarded and concealed from PFZ the ARPE letter of February 1987. This letter was written by Matta–García, the former administrator of ARPE, informing that its construction plans were considered preliminary and granting PFZ one year from the date of the letter to submit the final construction plans for the urbanization works. PFZ also claims that defendants conducted a sham review of the construction drawings.

PFZ's claim is more similar to the claim rejected in *Creative Environments, Inc. v. Estabrook*, 680 F.2d 822 (1st Cir.1981), *cert. denied*, 459 U.S. 989, 103 S.Ct. 345, 74 L.Ed.2d 385 (3rd Cir.1982). In *Creative Environments, Inc.*, a real estate developer claimed that its residential housing development project was improperly rejected by the local planning board. The planning board rejected the project because it feared the social effects the development may have on the community and the voter influence the incoming homeowners' association may pose. The developer argued that the planning board engaged in misapplication of state law. The First Circuit stated that "property is not denied without due process simply because a local planning board rejects a proposed development for erroneous reasons or makes demands which arguably exceed its authority under the relevant state statutes." *Id.* at 832 n. 9. The Court also stated that:

  (e)very appeal by a disappointed developer from an adverse ruling by a local ...

planning board necessarily involves some claim that the board exceeded, abused or "distorted" its legal authority in some manner, often for some allegedly perverse (from the developer's point of view) reason. It is not enough simply to give these state law claims constitutional labels such as "due process" or "equal protection" in order to raise a substantial federal question under section 1983. As has been often stated, 'the violation of a state statute does automatically gives rise to a violation of rights secured by the Constitution.' (citation omitted).

*Id.* at 833.

The First Circuit reemphasized these principles in *Chiplin Enterprises, Inc. v. City of Lebanon,* 712 F.2d 1524 (1st Cir. 1983) and in *Roy v. City of Augusta,* 712 F.2d 1517 (1st Cir.1983). In *Chiplin Enterprises,* the planning board had granted preliminary approval of a project but later denied a building permit for the project. The developer filed suit in state court and successfully obtained a permit on the ground that the planning board had no authority to review site plans for "multi-family dwelling units." The developer then filed a Section 1983 action alleging damages for the five-year delay in obtaining the permit. The First Circuit found that "(a) mere bad faith refusal to follow state law in such local administrative matters simply does not amount to a deprivation of due process where the state courts are available to correct error." *Id.* at 1528.

In *Roy,* the court held that plaintiff had stated a constitutional claim when he had been denied a renewal of his pool hall license because defendants had allegedly disregarded a state court order requiring the issuance of the license. The Court stated that if the case had involved a denial of a license based on improper reasons, such a claim would not have constituted a constitutional violation. 712 F.2d at 1523.

Based on First Circuit precedent, PFZ's allegations that ARPE officials have deliberately failed to comply with its own agency regulations or practices in the review of PFZ's construction drawings are not enough to state substantive due process

claim because claims of outright violations of state law or regulations in the area of land planning or zoning are not considered constitutional violations. Similar to this case, in *Cloutier v. Town of Epping,* 714 F.2d 1184 (1st Cir.1983), the plaintiff alleged various unlawful action such "abuse of process, perjury, failing to come forward with material evidence, and giving false information to a state agency about the plaintiffs". *Id.* at 1189. Nevertheless, said action was not considered egregious behavior to amount to a constitutional violation under due process.

PFZ also alleges that the review of the project has been tainted with fundamental procedural irregularities. PFZ claims that once ARPE issued the 1976 Resolution, approving PFZ's preliminary development plans for the first section, ARPE had neither the authority nor the discretion to refuse to review PFZ's construction drawings, but rather ARPE was only required to make a technical review of the construction drawings. If the construction drawings did not meet the technical requirements, ARPE would inform the developer so that the developer could make the necessary revisions. After this "back and forth" process is completed and the construction drawings are in compliance with ARPE's resolution and regulations, ARPE must issue a construction permit.

We recognize that ARPE may have engaged in delaying tactics and may have intentionally denied the Vacia Talega project. However, it is not our place to adjudicate these claims. Federal courts cannot review disagreements a developer has with the handling of its project by an agency even though agency has engaged in delays and intentional violations. *Chiplin Enterprises,* 712 F.2d at 1528; *Roy,* 712 F.2d at 1523; *Creative Environments,* 680 F.2d at 833. However, developers are not left without a remedy because state courts are available to redress any wrongs committed by state planning agencies. It must be emphasized that this is a type of dispute which concerns local interests (i.e. environment and development of the island). PFZ may have a claim under local law which it

74

can pursue in that forum. *See Creative Environments*, 680 F.2d at 833; *Roy*, 712 F.2d at 1523.

## IV. EQUAL PROTECTION

 Many of the arguments made by PFZ under substantive due process are the same for its equal protection claim. PFZ's principle argument is that ARPE engaged in "illegal political considerations." In support of this contention, PFZ relies on the First Circuit case of *Cordeco Development Corp. v. Santiago Vazquez*, 539 F.2d 256 (1st Cir.1976), *cert. denied*, 429 U.S. 978, 97 S.Ct. 488, 50 L.Ed.2d 586 (1976). However, we find that this case is inapposite. *Cordeco* involved a litigant who alleged that government officials acted maliciously and with illegitimate "political" or personal motives in delaying and denying a permit to extract sand. The circuit court affirmed the trial court's ruling that defendants denied the permit in order to favor plaintiff's competitor who was a family with close political ties to the incumbent administration. In that case, there was a constitutional violation because officials had adversely treated a particular permit applicant due to partisan political considerations, even though the purposeful discrimination was not based on invidious classification.

On the contrary, PFZ has not alleged facts that defendants have succumbed to political pressure from a rival developer. Nor does PFZ allege that the reason for the defendants' action was a result of partisan politics.[8] This case also does not involve discrimination based on invidious classification (i.e. race or religion); this is not a case where PFZ was singled out for disparate treatment anent other similarly situated developers. *See Leclair v. Saunders*, 627 F.2d 606 (2d Cir.1980). The Governor's remarks in the press that his views on the development of Vacia Talega had changed and that he now plans to preserve the area in its natural state, cannot be characterized as impermissible, even if made with a view to appease voters, rather than for truly environmental reasons. We note that under Puerto Rico law, the Governor of Puerto Rico has the authority to revoke development policies created by the Planning Board. 23 L.P.R.A. sec. 62j(6). Consequently, PFZ has failed to state a cause of action for violation of equal protection of the laws.

WHEREFORE, for the foregoing reasons, defendants' motion to dismiss is hereby GRANTED.

IT IS SO ORDERED.

---

8. PFZ's counsel was asked, at the Pretrial Conference, whether it was claiming that denial of permit was because it supported a rival political party. PFZ's counsel responded that was not the case. *See* Transcript of Pretrial and Settlement Conference of December 8, 1989.