**PFZ PROPERTIES, INC.,**
Plaintiff, Appellant,

v.

**Rene Alberto RODRIGUEZ, etc., et al.,**
Defendants, Appellees.

**No. 90–1723.**

United States Court of Appeals,
First Circuit.

Heard Nov. 16, 1990.

Decided March 18, 1991.

On Petition for Rehearing April 23, 1991.

Thomas Richichi with whom Kathryn E. Szmuszkovicz, Deborah K. Gunn, Beveridge & Diamond, P.C., Washington, D.C., and Jose Luis Novas–Dueno, Hato Rey, P.R., were on brief, for plaintiff, appellant.

Vannessa Ramirez, Asst. Sol. Gen., Dept. of Justice, with whom Jorge E. Perez Diaz, Sol. Gen., was on brief, for defendants, appellees.

Before CAMPBELL and CYR, Circuit Judges, and FUSTE,* District Judge.

LEVIN H. CAMPBELL, Circuit Judge.

This case arose out of a dispute over the development of a residential and tourist project in an area known as Vacia Talega in Loiza, Puerto Rico. Plaintiff-appellant PFZ Properties ("PFZ") filed a complaint under 42 U.S.C. § 1983, alleging that defendants Rene Alberto Rodriguez, Salvador Arana, and the Regulations and Permits Authority of the Commonwealth of Puerto Rico ("ARPE") had violated its constitutional rights to procedural and substantive due process and equal protection guaranteed by the Fourteenth Amendment to the United States Constitution. The district court dismissed the complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. 739 F.Supp. 67 (D.Puerto Rico 1990). PFZ filed a timely appeal. Because we agree with the district court that PFZ's complaint does not state a valid claim under § 1983, we affirm the dismissal.

I.

As this appeal follows the dismissal of the complaint under Rule 12(b)(6), we accept the factual averments of the complaint as true, and construe these facts in the light most favorable to the plaintiff's case.[1]

*Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

PFZ owns 1,358.65 cuerdas of land in Loiza, Puerto Rico in an area known as Vacia Talega and Pinones. In May, 1976, the Planning Board of Puerto Rico adopted a resolution approving a Preliminary Development Plan submitted by PFZ for portions of this parcel. According to the approved Plan, development was to proceed in two phases, the first section to include constructing 2,000 hotel rooms and 2,000 residential units on 106 cuerdas, the second to include 6,600 hotel rooms and 6,135 residential units on 266.41 cuerdas. From the beginning, matters did not go smoothly for PFZ. On June 14, 1976, the residents of Barrio Torrecilla Baja, Loiza, Puerto Rico, filed a petition in the Superior Court of Puerto Rico requesting reconsideration of the Planning Board's resolution approving the Preliminary Development Plan and alleging that the Board had failed to consider adequately the development's impact on the environment and the residents of the area. The Superior Court affirmed the Board's resolution in September, 1977, and the Supreme Court of Puerto Rico denied review in January, 1978.

On August 19, 1977, the Planning Board extended the time during which PFZ was required to submit preliminary plans to ARPE for the development of Block 1 of the first section until one year after the Superior Court's decision became final, assuming that decision were in PFZ's favor. On August 24, 1978, PFZ submitted preliminary plans for the development of the entire first section to ARPE. In February, 1981, nearly three years later, the plans were approved by ARPE. By this time, the project had been scaled down somewhat— the first section was to include approximately 500 hotel rooms, 1,952 residential apartment units, and 1,104 condo-hotel apartment units on 79.93 cuerdas.

* Of the District of Puerto Rico, sitting by designation.

1. Plaintiff-appellant complains that, although purporting to evaluate the adequacy of the complaint under Fed.R.Civ.P. 12(b)(6), the district court did not limit its consideration to allegations contained in the pleadings. We need not address this contention, as we limit our own analysis to the allegations in the Amended Complaint. We conclude, wholly apart from factual allegations contained elsewhere in the briefs and in the record, that the plaintiff has failed to state a claim upon which relief can be granted.

On February 22, 1982, PFZ submitted construction drawings for site improvements for the subdivision works of Block 1 of the first section and preliminary project plans for the structures to be constructed on Block 2 of the first section. On March 24, ARPE returned the preliminary project plans to PFZ, stating that submission of the plans was premature and that, according to the 1981 ARPE Resolution, construction drawings for site improvements must be processed first. ARPE also explained that it had sent the site improvement drawings for Block 1 to its regional office in Carolina, Puerto Rico. There was apparently no communication between PFZ and ARPE for four years. PFZ inquired by letter about the status of the plans in January, 1986; however, ARPE did not answer the letter.

ARPE invited PFZ to attend a meeting in September, 1986 to give a presentation on the project to various agencies of the Commonwealth. During that meeting, the project was discussed, but neither the validity of the 1976 and 1981 Resolutions nor the sufficiency or timeliness of the filings was questioned.

In November, 1987, the PFZ engineers resubmitted the preliminary project plans to ARPE. The next month, Jack Katz, a PFZ officer, attended a meeting with Mr. Amadeo Francis, Special Advisor to the Governor, to discuss the project. On December 28, 1987, PFZ filed its original complaint in the United States District Court for the District of Puerto Rico, alleging that ARPE's continued refusal to process the drawings and issue the permits constituted a violation of PFZ's right to due process and amounted to a taking without just compensation under the United States Constitution.[2] Defendants filed an answer to the complaint and a motion to dismiss.

On August 2, 1988, ARPE informed PFZ by letter that the 1976 Planning Board Resolution and the 1981 ARPE Resolution were no longer in effect. PFZ requested reconsideration of the decision. ARPE denied the request. PFZ also petitioned for review of ARPE's decision in Superior Court. This petition, along with its petition for certiorari to the Supreme Court of Puerto Rico, were denied. PFZ filed its Amended Complaint in federal district court on October 11, 1988, alleging that ARPE's failure and continued refusal to process the construction drawings have deprived PFZ of its rights to procedural and substantive due process under the Fourteenth Amendment to the United States Constitution. PFZ also alleged that the treatment afforded its project differed substantially from the treatment of others similarly situated, thereby violating PFZ's right to equal protection under the Fourteenth Amendment.

The district court held that the post-deprivation process afforded to PFZ under Puerto Rico law was constitutionally adequate. It also held that, given the absence of any allegations of racial animus, political discrimination, or fundamental procedural irregularity, PFZ had failed to state a claim for violation of its rights to due process or equal protection under the Fourteenth Amendment. The district court therefore dismissed the complaint.

II.

A. *Procedural Due Process*

In order to establish a procedural due process claim under § 1983, PFZ must allege first that it has a property interest as defined by state law and, second, that the defendants, acting under color of state law, deprived it of that property interest without constitutionally adequate process. *See Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 428, 102 S.Ct. 1148, 1153, 71 L.Ed.2d 265 (1982). With respect to the first requirement, PFZ argues that, once the Planning Board gave its approval of PFZ's project in 1976 and once ARPE adopted a resolution approving the project in February, 1981, PFZ had acquired a legitimate claim of entitlement to approval of the construction drawings and to issuance of a building permit. Although we think it far from clear that PFZ's expectation of receiving a construction permit from ARPE

2. The takings claim was not pursued in PFZ's    Amended Complaint, *infra.*

constituted a property interest under Puerto Rico law, we may assume, *arguendo*, that the facts alleged in the complaint are sufficient to establish such an interest.

Assuming that PFZ had a property interest in obtaining the construction permit, it was deprived of that interest when ARPE refused to process the construction drawings. This deprivation was "under color of state law" for the purposes of § 1983. We turn, therefore, to the adequacy of the process afforded PFZ. Under Puerto Rico law, PFZ was entitled to request reconsideration of the decision by ARPE and, if reconsideration was denied, to file a petition for review of ARPE's action in the Superior Court of Puerto Rico.[3] PFZ now argues that this post-deprivation remedy was inadequate—that PFZ was entitled to an administrative hearing before the denial by ARPE. We disagree.

PFZ does not contend that the project approval procedures established by Puerto Rico law and by ARPE's custom and practice violate the Due Process Clause of the federal Constitution. Rather, it alleges that ARPE illegally departed from Puerto Rico's prescribed procedures by failing to process the construction drawings. When a deprivation of property results from conduct of state officials violative of state law, the Supreme Court has held that failure to provide pre-deprivation process does not violate the Due Process Clause. *See Parratt v. Taylor*, 451 U.S. 527, 543, 101 S.Ct. 1908, 1916, 68 L.Ed.2d 420 (1980). Indeed, it makes little sense to argue that ARPE had to afford the plaintiff a hearing before it illegally departed from its own procedures by refusing to process the construction drawings. The state is not required to anticipate such violations of its own constitutionally adequate procedures. To hold otherwise would convert every departure from established administrative procedures into a violation of the Fourteenth Amendment, cognizable under § 1983. *See Creative Environments v. Estabrook*, 680 F.2d 822, 832 n. 9 (stating that "where a state has provided reasonable remedies to rectify a legal error by a local administrative body ... due process has been provided"), *cert. denied*, 459 U.S. 989, 103 S.Ct. 345, 74 L.Ed.2d 385 (1982).

As, therefore, a pre-deprivation hearing was not required to meet the demands of the Due Process Clause, the only question is whether the post-deprivation process available to PFZ was adequate. We hold that the combination of administrative and judicial remedies provided by Puerto Rico law is sufficient to meet the requirements of due process. Under Puerto Rico law, PFZ had the right to petition for reconsideration by ARPE and for review in the Superior Court. Although ARPE declined the request for reconsideration and the Superior Court denied the petition for review, PFZ had the opportunity to present its allegations of administrative error and misconduct before the relevant administrative and judicial bodies of the Commonwealth of Puerto Rico. That relief from the agency decision was denied does not affect the adequacy of the process provided. *See id.*

### B. *Substantive Due Process*

■ In addition to its procedural due process claim, PFZ alleges that ARPE violated its rights to substantive due process when ARPE arbitrarily or capriciously refused to process its approved construction drawings. This Court has repeatedly held, however, that rejections of development projects and refusals to issue building permits do not ordinarily implicate substantive due process. *See, e.g., Chongris v. Board of Appeals of Town of Andover*, 811 F.2d 36, 42–43 (1st Cir.), *cert. denied*, 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 765 (1987); *Chiplin Enterprises v. City of Lebanon*, 712 F.2d 1524, 1528 (1st Cir.1983); *Creative Environments*, 680 F.2d at 829–30. Even where state officials have allegedly violated state law or administrative procedures, such violations do not ordinarily rise to the level of a constitutional deprivation. *See Chiplin Enterprises*, 712 F.2d at 1528. The doctrine of substantive due process "does not protect individuals from all [governmental] actions that infringe liberty or injure property in violation of some law. Rather, substantive due process prevents 'governmental power from being used for purposes of oppression,' or 'abuse of government power that shocks the conscience,' or 'action that is legally irrational in that it is not sufficiently keyed to any

---

**3.** 23 L.P.R.A. § 72d provides as follows:

Any party aggrieved by the action, decision or resolution of the Regulations and Permits Administration on housing development cases, in regard to which a petition for reconsideration was instituted before the Administration

within the first thirty (30) days from the mailing of the notice of said action or decision and was denied by the latter, may file a petition for review before the ... Superior Court of Puerto Rico.

legitimate state interests.' " *Committee of U.S. Citizens in Nicaragua v. Reagan,* 859 F.2d 929, 943 (D.C.Cir.1988) (citations omitted). *See Pittsley v. Warish,* 927 F.2d 3 (1st Cir.1991); *see also Hoffman v. City of Warwick,* 909 F.2d 608, 618 (1st Cir.1990) (applying a "rational basis" test to governmental action challenged under a substantive due process theory). PFZ's allegations concerning ARPE's treatment of its proposal simply do not make out a substantive due process violation under this standard.

PFZ's substantive due process claim is similar to a developer's claim rejected by this Court in *Chiplin Enterprises.* There the planning board, after granting preliminary approval to a development project, denied a building permit for the project. The developer filed suit in state court and successfully challenged the authority of the planning board to review the site plans. After obtaining the permit, the developer brought a § 1983 action in federal court alleging a violation of his substantive due process rights. This court rejected the claim, stating that "[a] mere bad faith refusal to follow state law in such local administrative matters simply does not amount to a deprivation of due process where the state courts are available to correct error." 712 F.2d at 1528.

We rejected another such claim in *Creative Environments v. Estabrook.* There the planning board had refused to approve a developer's project based on its fear of the social and political effects the development might have on the community. Rejecting the developer's due process claim, the court explained that "property is not denied without due process simply because a local planning board rejects a proposed development for erroneous reasons or makes demands which arguably exceed its authority under the relevant state statutes." 680 F.2d at 832 n. 9.

Consistent with the above, we hold that PFZ's allegations that ARPE officials failed to comply with agency regulations or practices in the review and approval process for the construction drawings are not sufficient to support a substantive due process claim under the Fourteenth Amendment to the United States Constitution. *See Amsden v. Moran,* 904 F.2d 748, 757 (1st Cir.1990) (noting that "even bad faith violations of state law are not necessarily tantamount to unconstitutional deprivations of due process"), *cert. denied,* —

U.S. ——, 111 S.Ct. 713, 112 L.Ed.2d 702 (1991). Even assuming that ARPE engaged in delaying tactics and refused to issue permits for the Vacia Talega project based on considerations outside the scope of its jurisdiction under Puerto Rico law, such practices, without more, do not rise to the level of violations of the federal constitution under a substantive due process label.

## C. *Equal Protection*

■ PFZ's equal protection claim represents, in effect, a recharacterization of its substantive due process claim. PFZ argues that ARPE's refusal to process the construction drawings "differ[ed] invidiously from the process and treatment accorded to drawings and plans of others similarly situated." In *Creative Environments,* we suggested in a footnote that an equal protection claim "may be presented in situations involving gross abuse of power, invidious discrimination or fundamentally unfair procedures." 680 F.2d at 832 n. 9. PFZ, however, alleges no facts that would suggest discrimination based on an invidious classification such as race or sex, nor does it allege the type of egregious procedural irregularities or abuse of power mentioned by *Creative Environments* as conceivably rising to the level of a federal equal protection violation. Alleging only that ARPE treated its project differently from others under consideration, PFZ's equal protection claim represents nothing more than a claim that ARPE departed from its own procedures or those provided by Puerto Rico Law.

Again, we emphasize that, whether under a due process or equal protection theory, departures from administrative procedures established under state law or the denial of a permit based on reasons illegitimate under state law, do not normally amount to a violation of the developer's federal constitutional rights. As we stated in *Creative Environments,*

[e]very appeal by a disappointed developer from an adverse ruling by a local ... planning board necessarily involves some claim that the board exceeded, abused or "distorted" its legal authority in some manner, often for some allegedly perverse (from the developer's point of view)

reason. It is not enough simply to give these state law claims constitutional labels such as "due process" or "equal protection" in order to raise a substantial federal question under section 1983. 680 F.2d at 833. Absent allegations reflective of more fundamental discrimination, we agree with the district court that PFZ did not state a claim under the Equal Protection Clause of the Fourteenth Amendment.

### III.

Accepting the factual allegations of the complaint as true and construing them in the light most favorable to plaintiff, we hold that the plaintiff did not state a federal claim.

*Affirmed.   Costs to appellees.*

On Petition for Rehearing

April 23, 1991

In its Petition for Rehearing, appellant PFZ Properties, Inc. argues that rehearing is warranted because the panel limited its consideration to the allegations contained in the amended complaint and did not take into account the additional factual allegations contained in the pretrial order. We note, however, that PFZ did not raise any such argument in its brief. Indeed, it argued that the district court *erred* in taking into consideration facts outside the pleadings (but contained in the pretrial order) in applying a motion to dismiss standard. Having failed to raise it in its brief, PFZ may not rely upon the argument in support of its petition for rehearing. *See, e.g., United States v. Ferryman,* 897 F.2d 584 (1st Cir.1990) (issue raised for the first time in petition for rehearing dismissed as not properly before the court); *Arajuo v. Woods Hole,* 693 F.2d 1, 4 (1st Cir.1982) (refusing to consider theory raised for the first time in petition for rehearing).

We note also that, in our review under 12(b)(6), we indulged all inferences in favor of PFZ, the nonmovant. For example, we assumed that ARPE had violated its own rules, that its procedures were irregular, and even that it had singled out PFZ for differential treatment. None of the additional factual allegations in the pretrial statement add significantly to the facts taken as true in our opinion. Thus, even if PFZ had raised the argument in a timely manner, the outcome of the case would not have been different.

The petition for rehearing is denied.