Carlos **ESTEVES–JIMENEZ** & Candy Areche Holdun, **Plaintiffs,**

v.

Jose A. **SOSA LLORENS, Defendant.**

Civ. No. 91–2302(PG).

United States District Court, D. Puerto Rico.

April 27, 1992.

José A. Gallart, Víctor E. Báez, Hato Rey, P.R., for plaintiffs.

William Reyes Elías, Hato Rey, P.R., for defendant.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

### I. Introduction

This action is brought pursuant to 42 U.S.C. § 1983, seeking to enjoin and declare unconstitutional an order issued by José A. Sosa–Lloréns—Commissioner of Financial Institutions of the Commonwealth of Puerto Rico (the "Commissioner")—mandating that plaintiffs cease and desist from (1) offering and selling of securities without legal registration in violation of sections 101, 201, 301 and 305 of the Puerto Rico Uniform Securities Act, and (2) engaging in banking operations without the authorization required by the local Banking Act of Puerto Rico, Act Number 31 of May 12, 1933, as amended.

### II. Factual Background

Plaintiffs are corporate officers of Coral Gables Credit Corporation ("Coral") a company incorporated under the laws of Puerto Rico. Coral has a contract agreement with Credit Card Store, Inc., to make available applications for credit cards issued by the American National Bank of New York ("American"). Coral also sells information packages of financial institutions looking to issue credit cards and grant loans to potentially interested customers. *See* Complaint, ¶ 4–9.

Acting under authority granted by the Financial Institutions Act, the Commissioner—"in order to protect the public interest, for the protection of investors and consistent with the purposes and provisions of the above mentioned Act"—ordered the cessation of plaintiffs' business (including the usage of the word "bank") until such time as their activities comply with local legal requirements. *See* Cease and Desist Order ("Order"), ¶ X. The Commissioner also (1) ordered plaintiffs to issue a written verification that their operations had ceased, and (2) requested a list of "all persons who purchased securities or received certificates of deposits [sic] or other banking instruments together with a statement of the amount paid by each person." *See id.* at ¶ X(c).

The Order explicitly notified plaintiffs of their right to request an administrative hearing within 10 days, after which time the same was to be considered final and unappealable absent a timely request for reconsideration. Order, at ¶ 10. Plaintiffs consciously failed to make use of the administrative review process.

#### A. *Plaintiffs' Argument*

Plaintiffs argue that the Commissioner lacks jurisdiction over their activities. They base this legal conclusion on the asserted fact that they are not responsible for the issuance of credit cards but merely make available applications for the same. They also underscore that they do not engage in any banking activity in Puerto Rico and are thus not subject to local banking legislation. Compl., at ¶ 2.

Plaintiffs explain that they are forced to pursue their claims in this forum because they have "no adequate or effective reme-

dy at law." Compl., at ¶ 12. As support for this assertion, they maintain that the Commissioner's Order is premised on "baseless allegation[s] wholly devoid of specific violations of local law." Compl., ¶ 12. Plaintiffs conclude that the Order is violative of the 5th and 14th Amendments as an unconstitutional taking without due process of law. Compl., ¶ 4. The case stands submitted to this Court on defendants' unopposed Motion to Dismiss.[1]

### III. Legal Analysis: 11th Amendment Immunity

■ Although this Court could squander its precious time and effort enumerating every conceivable basis for dismissal, it chooses not to do so confident that sovereign immunity conferred by the 11th Amendment bars the action.

The 11th Amendment to the constitution of the United States provides that

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

To be sure, the immunity enjoyed under the 11th Amendment by states and officials acting in their official capacity has never lived up to the language of the amendment itself. In *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), the Supreme Court held that a state official who, acting in his official capacity, enforces an unconstitutional statute is not shielded by 11th Amendment immunity because the unconstitutional nature of the action strips him of his official or representative character. *Id.,* at 160, 28 S.Ct. at 454. This reasoning, recognized by the Supreme Court as both a fiction and a necessity, has been found to be indispensable for the "... vindication [of] federal rights and [the]

hold[ing] responsible [of] state officials to 'the supreme authority of the United States.'" *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 105, 104 S.Ct. 900, 910, 79 L.Ed.2d 67 (1984) *citing Ex Parte Young,* 209 U.S. at 160, 28 S.Ct. at 454.

Following *Ex parte Young,* the Court took close to seventy years before it clarified the scope of relief available to those seeking vindication of constitutional infringements. In *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), the Court held that only prospective injunctive relief—not retroactive monetary damages—could be awarded in a civil rights action against the state or its officers acting within the scope of their official duties.[2] *Id.,* at 665, 94 S.Ct. at 1356.

Application of the above mentioned principles to this case calls for its dismissal. The Commissioner is accused of violating plaintiffs' constitutional rights because, as specifically authorized by state law, he issued a cease and desist order against activities he understood to be illegal under local law. Plaintiffs contend that they did not violate any local statute or regulation. Not content, however, with pursuing their legal grievance through the available state administrative channels, plaintiffs declare that no adequate remedy at law is available to them. They then attempt to re-cast a state law claim as a constitutional violation by arguing that the Commissioner's Order deprives them of property without due process of law.

Plaintiffs would do well to update their understanding of the scope of civil rights actions. It is well settled that the 11th Amendment bars suits against state officials, in their official capacity, on the basis of their application of state law. *Pennhurst,* 465 U.S. at 106, 104 S.Ct. at 911. This holding recognizes that "the need to

---

**1.** Plaintiffs requested and were granted two extensions of time to oppose defendant's Motion to Dismiss. The time extension expired on February 10, 1992.

**2.** Explicit in this holding is a recognition that if the 11th Amendment is to retain any meaning, the immunity conferred by the amendment

must shield the state from retroactive damages. To reach any other result would be to stroll dangerously close to the theoretical underpinnings of the Court's ill-fated decision in *Chisholm v. Georgia,* 2 U.S. (2 Dall.) 419, 1 L.Ed. 440 (1793) which resulted in the passage of the 11th Amendment.

promote the supremacy of federal law must be accommodated to the constitutional immunity of the states." *Id.*, at 105, 104 S.Ct. at 910. This need is particularly acute where a state official applies a state law that is not unconstitutional. Any other result would federalize a wide spectrum of traditional state causes of action.

■ Here the Commissioner is alleged to have misapprehended and misapplied state law in issuing the Order against plaintiffs. This Court expresses no opinion on the legality, under state law, of defendant's action. However, inasmuch as federal law is concerned, plaintiffs clearly misapprehend it. In general, misapplication of state law by a state official does not give rise to an action for infringement of constitutional rights, it merely entitles plaintiff to bring an action for violation of state law. Where, as in this case, application of state law falls within the discretion of the official and the state has not waived its sovereign immunity, the cause of action fails for failure to state a cause of action.

As plaintiffs' pleading fails to establish any set of operative facts that would entitle them to relief, *see Morales Borrero v. López Feliciano*, 710 F.Supp. 32, 33 (D.P.R.1989), this Court grants defendants motion to dismiss plaintiffs' complaint.

WHEREFORE, this Court orders the dismissal of plaintiffs' claims with prejudice.

IT IS SO ORDERED.