Spacetown Auto Body v. Derry          CV-95-186-SD 06/23/97

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Spacetown Auto Body, Inc.


          v.                              Civil No. 95-186-SD


Town of Derry, NH;
Edward B. Garone, individually



**O R D E R**


     In this civil rights action, plaintiff Spacetown Auto Body, Inc., has challenged the manner in which the Derry Police Department allocates automobile towing work in the Town of Derry. Ruling on a motion to dismiss, the court has previously dismissed the majority of plaintiff's claims and permitted the plaintiff to withdraw two claims under the New Hampshire Constitution (Counts V and VI).

     Presently before the court is defendants' motion for summary judgment on plaintiff's remaining claims, which consist of (1) a 42 U.S.C. § 1983 claim against the Chief of Police and the Town for violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution (Count II and a part of Count X) and (2) a claim against the Chief of Police for violating a common law duty of care (Count VIII).  Plaintiff has

filed an objection.

Background

Spacetown Auto Body, Inc., has engaged in the business of auto and truck towing and repair in the Town of Derry for over twenty years. Amended Complaint ¶ 7. Spacetown owns two trucks and a car carrier that enable it to respond to police calls, arrive at an accident scene, retrieve vehicles, and repair the vehicles at its facility if so required by a vehicle owner. Id. ¶ 8. Fees for "towing, storage and/or repair of such vehicles constitute a major portion" of the gross income for Spacetown. Id.

For many years, "the Derry Police Department, in accord with policies established by the town legislative body, maintained a so-called 'towing list' or 'wrecker list'" developed so that Derry garages would have "equal opportunities for Derry towing jobs from [automobile] accidents." Id. ¶ 9. The alleged purpose of the "towing list" is to prevent towing companies from rushing to an accident scene and squabbling over who should procure the work there. Id. Spacetown alleges that Chief Garone, as part of a campaign to financially damage the plaintiff, has instituted his own towing policies in violation of Derry's policies, rules, and regulations. Id. ¶ 18.

2

Plaintiff further alleges that if garages are "treated fairly and in an equal manner by the police, any garage can expect that at least 50% of its 'police requested' towing calls will result in repair work," id. ¶ 19; however, as a direct result of the police department's conduct over the past year, Spacetown repaired only one of the vehicles in the 29 accident tows where the police called the plaintiff, id.

## Discussion

### 1. Summary Judgment Standard

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), Fed. R. Civ. P.; Lehman v. Prudential Ins. Co. of Am., 74 F.3d 323, 327 (1st Cir. 1996). Since the purpose of summary judgment is issue finding, not issue determination, the court's function at this stage "'is not [] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" Stone & Michaud Ins., Inc. v. Bank Five for Savings, 785 F. Supp. 1065, 1068 (D.N.H. 1992) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)).

When the non-moving party bears the burden of persuasion at trial, to avoid summary judgment he must make a "showing

sufficient to establish the existence of [the] element[s] essential to [his] case." <u>Celotex Corp. v. Catrett,</u>, 477 U.S. 317, 322-23 (1986).  It is not sufficient to "'rest upon mere allegation[s] or denials of his pleading.'" <u>LeBlanc v. Great Am. Ins. Co.</u>, 6 F.3d 836, 841 (1st Cir. 1993) (quoting <u>Anderson</u>, <u>supra</u>, 477 U.S. at 256), <u>cert. denied</u>, ___ U.S. ___, 114 S. Ct. 1398 (1994).  Rather, to establish a trial-worthy issue, there must be enough competent evidence "to enable a finding favorable to the non-moving party." <u>Id.</u> at 842 (citations omitted).

In determining whether summary judgment is appropriate, the court construes the evidence and draws all justifiable inferences in the non-moving party's favor. <u>Anderson</u>, <u>supra</u>, 477 U.S. at 255.  Nevertheless, "[e]ven in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the non-moving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." <u>Medina-Munoz v. R.J. Reynolds Tobacco Co.</u>, 896 F.2d 5, 8 (1st Cir. 1990) (citations omitted).


<u>2. Equal Protection and State Law Claim</u>

When considering equal protection claims:

> Liability . . . should depend on proof that
> (1) the person, compared with others
> similarly situated, was selectively treated;
> and

4

> (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or <u>malicious or bad faith intent to injure a person.</u>

<u>Rubinovitz v. Rogato</u>, 60 F.3d 906, 909-10 (1st Cir. 1995) (citing <u>Yerardi's Moody St. Restaurant & Lounge, Inc. v. Board of Selectmen</u>, 878 F.2d 16, 21 (1st Cir. 1989) (<u>Yerardi's I</u>) (citing <u>LeClair v. Saunders</u>, 627 F.2d 606, 609-10 (2d Cir. 1980), <u>cert. denied</u>, 450 U.S. 959 (1981))) (emphasis added).

"Plaintiffs claiming an equal protection violation must first 'identify and relate specific instances where persons situated similarly "in all relevant aspects" were treated differently, instances which have the capacity to demonstrate that [plaintiffs] were "singled . . . out for unlawful oppression."'" <u>Id.</u> at 910 (citing <u>Dartmouth Review</u>, <u>supra</u>, 889 F.2d at 19) (other citations omitted in <u>Rubinovitz</u>). "[I]n the absence of invidious discrimination or the abuse of a fundamental right,[1] a party may establish an equal protection violation with evidence of bad faith or malicious intent to injure." <u>Id.</u> at 911 (citing <u>Yerardi's I</u>, <u>supra</u>, 878 F.2d at 21). The First Circuit,

---

[1] "[A]s a general matter, the equal protection clause serves to protect suspect classes and fundamental interests from inequitable treatment." <u>Yerardi's Moody St. Restaurant & Lounge, Inc. v. Board of Selectmen</u>, 932 F.2d 89, 94 (1st Cir. 1991) (<u>Yerardi's II</u>) (citing <u>LeClair</u>, <u>supra</u>, 627 F.2d at 611).

5

however, rarely finds this type of behavior.  Id. (citing PFZ Properties, Inc. v. Rodriguez, 928 F.2d 28, 33 (1st Cir. 1991) (bad-faith or malicious-intent-to-injure cases are infrequent) (citation omitted).  Additionally, "the malice/bad faith standard should be scrupulously met."  Yerardi's II, supra note *, 932 F.2d at 94 (quoting LeClair, supra, 627 F.2d at 611).

The defendants argue that Spacetown cannot prove that Chief Garone acted with malicious or bad faith intent to injure Spacetown and its business.  In support thereof, they submit evidence that Garone maintained a list of wrecker operators that he used when towing services were needed at vehicle accident scenes and other occasions when towing was needed.  Garone asserts that he would call the wrecker companies on the list on a rotating basis.

Plaintiff responds that the police have "intentionally and deliberately rigged and operated the wrecker call lists to insure that their favored auto repair shops get the lions share of the 'good' business and the plaintiff ends up with very little other than the dross of the towing work."  Plaintiff's Memorandum at 2.

Plaintiff's evidence is riddled with conclusory remarks, speculation, and hearsay statements.  Nonetheless, having carefully sifted through the plaintiff's submissions, the court finds that plaintiff has produced just enough evidence of

6

defendants' malicious intent to injure Spacetown to survive summary judgment.

Plaintiff's evidence indicates that Chief Garone, expecting free service, was angered after plaintiff insisted that he pay part of a repair bill for his personal truck. Following this episode, the evidence indicates that Spacetown began receiving significantly fewer calls for accident tows (the more valuable type of work), while calls to competing garages increased, and that, as a result, Spacetown suffered a drop in revenue.

Spacetown also submitted evidence tending to cast doubt on the validity of Chief Garone's list of towing companies that he supposedly called on a rotating basis. Chief Garone maintained a separate list of towing companies that had been called at the car owner's request, from which Spacetown was conspicuously absent. Although a bit of a leap, there is some circumstantial evidence to support Spacetown's speculation that the police were "suggesting" to car owners that they call plaintiff's competitors for towing services and that when the owner agreed the dispatcher would mark it down as an owner request. <u>See</u> Plaintiff's Memorandum at 4.

As was the case with respect to the equal protection claim in <u>Rubinovitz</u>, "there is enough indication of a malicious orchestrated campaign causing substantial harm--though only

7

barely enough evidence--that the case cannot be resolved on summary judgment." Rubinovitz, supra, 60 F.3d at 912. The defendants' challenge to the remaining state law claim likewise turns on the sufficiency of the evidence of intent. Accordingly, defendants' motion for summary judgment is denied in its entirety. The clerk also shall note plaintiffs' withdrawal of Counts V and VI.

**SO ORDERED.**

_____
Shane Devine, Senior Judge
United States District Court

June 23, 1997

cc:   Stanton E. Tefft, Esq.
      Donald A. Burns, Esq