**HOGAR CLUB PARAISO, INC.,**
**et al., Plaintiffs,**

v.

**Angie Varela LLAVONA,**
**et al., Defendants.**

**Civil No. 99–1486 (JAG).**

United States District Court,
D. Puerto Rico.

June 21, 2002.

Edgardo L. Rivera-Rivera, San Juan, PR, for Plaintiffs.

Francisco L. Acevedo-Nogueras, Acevedo & Acevedo Law Offices, San Juan, PR, Carlos E. Lopez-Lopez, Llovet-Zurinaga & Lopez P.S.C., San Juan, PR, Salvador J. Antonetti-Stutts, Ivonne Palerm-Cruz, Commonwealth Dept. of Justice, Federal Lit. Div., San Juan, PR, Hector F. Oliveras-Delgado, Pinto-Lugo, Oliveras & Ortiz, PS, San Juan, PR, Juan C. Garay-Massey, Carolina, PR, Ignacio Rivera-Cordero, Rivera & Montalvo, San Juan, PR, Marilena Roman-Gandulla, San Juan, PR, Carols J. Morales-Bauza, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Hogar Club Paraíso, Inc., a non-profit corporation that operates an elderly home in Barceloneta, Puerto Rico; its owners, Luis Monrozeau–Martínez and Carmen Rosa–Diaz; and several of the home's elderly residents (collectively, "plaintiffs"), filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 against several officers of the Commonwealth's Family Department on May 7, 1999. (Docket No. 1.) In their complaint, plaintiffs allege that the defendants [1] violated their due process rights under the Fourteenth Amendment by

---

**1.** All defendants are current or former employees and/or officers of the Puerto Rico

summarily revoking their license to operate the nursing home on August 7, 1998. For the reasons stated below, the Court is inclined to grant summary judgment *sua sponte* and to dismiss the due process claim without prejudice. In accordance with First Circuit precedent, however, the Court will afford plaintiffs an opportunity to show cause why it should not dismiss the case.

## DISCUSSION

### I. Section 1983

■ "Section 1983 affords redress against a person who, under color of state law, deprives another person of any federal constitutional or statutory right." *Omni Behavioral Health v. Miller*, 285 F.3d 646, 650–51 (8th Cir.2002); *see also Cruz–Erazo v. Rivera–Montanez*, 212 F.3d 617, 621 (1st Cir.2000). To maintain a cause of action under section 1983, plaintiffs—who have the burden of proof—must first show official conduct, that is, an act or omission undertaken under color of state law. *See Rogan v. City of Boston*, 267 F.3d 24, 27 (1st Cir.2001)(*citing Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249, 253 (1st Cir.1996)). That is not a problem here, since the co-defendants acted under color of Puerto Rico law as employees of the Family Department when they allegedly undertook the action of revoking plaintiffs's license to operate the elderly home. Secondly, plaintiffs must also show that the defendants's acts or omissions caused a constitutional injury.

*Rogan*, 267 F.3d at 27. *See also Chute v. Walker*, 281 F.3d 314, 319 (1st Cir.2002)(discussing a *sua sponte* dismissal of a section 1983 case under Rule 12(b)(6)). This is where plaintiffs's case falters.

### a. Procedural Due Process

■ Plaintiffs claim that defendants violated their due process rights by summarily revoking their license to operate the elderly home. To establish a procedural due process claim under § 1983, plaintiffs must allege that: (1) they had a cognizable property interest as defined by state law[2]; and, (2) that the defendants, acting under color of state law, deprived them of that property interest without constitutionally adequate process. *See PFZ Properties, Inc. v. Rodriguez*, 928 F.2d 28, 30 (1st Cir.1991)(*citing Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982)). *See also Romero–Barcelo v. Hernandez–Agosto*, 75 F.3d 23, 32 (1st Cir.1996).

Thus, in analyzing a due process claim, the Court must determine whether the plaintiffs have been deprived of a protected property or liberty interest. *See Wehran–Puerto Rico v. Municipality of Arecibo*, 106 F.Supp.2d 276, 287 (D.P.R.2000)(citing *Am. Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999); *Hennessy v. City of Melrose*, 194 F.3d 237, 249 (1st Cir. 1999)). Plaintiffs seem to allege that they had a property interest in their license to operate the elderly home.[3] This Court will

---

Family Department.

**2.** "Property interests are not defined by the Constitution, '[r]ather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law....'" *Lowe v. Scott*, 959 F.2d 323, 334 (1st Cir.1992) (citations omitted). *See also Wehran–Puerto Rico v. Municipality of Arecibo*, 106 F.Supp.2d at 287 (*citing Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d

548 (1972); *Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 53 (1st Cir.1990)).

**3.** In the proposed pre-trial order filed by the parties (Docket No. 176), plaintiffs make scant and generalized statements as to violations of a "liberty" interest, and to an interest on the right to "freely contract." The plaintiffs have not alleged, and the Court has not found in the record, any support for these sweeping allegations. *See, e.g., Colon v. Ramirez*, 913 F.Supp. 112, 117 (D.P.R.1996)(dis-

assume, without deciding, that the plaintiffs did have a protected property interest in said license. Therefore, the only issue left is whether plaintiffs were afforded appropriate process.

■ When, as here, a deprivation of a property interest is occasioned by random and unauthorized conduct by state officials [4], the due process inquiry is limited to the issue of the adequacy of the post-deprivation remedies provided by the state. *See El Dia, Inc. v. Rossello*, 20 F.Supp.2d 296, 306 (D.P.R.1998)(*citing Zinermon v. Burch*, 494 U.S. 113, 129, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990)); *Parratt v. Taylor*, 451 U.S. 527, 543, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). *See also O'Neill v. Baker*, 210 F.3d 41, 50 (1st Cir.2000); *Nestor Colon Medina & Sucesores, Inc. v. Custodio*, 964 F.2d 32, 40(1st Cir.1992); *Herwins v. City of Revere*, 163 F.3d 15, 18–19 (1st Cir.1998).

■ A review of the record reveals that plaintiffs have failed to establish a cognizable procedural due process claim [5] because they do not allege the unavailability of an adequate post-deprivation state remedy. As a matter of fact, plaintiffs did indeed have an adequate judicial review procedure (the preliminary injunction hearing) after the revocation of their license in which they succeeded in regaining the same. This is all that the law requires.

*See, e.g., PFZ Properties, Inc. v. Rodriguez*, 928 F.2d at 31 (holding that the combination of administrative and judicial remedies provided by Puerto Rico law were sufficient to meet the requirements of due process).

## CONCLUSION

Trial courts have the power to grant summary judgment *sua sponte*. "[B]efore the [c]ourt can seriously consider *sua sponte* summary judgment, conditions precedent must be satisfied:(1) the case must be sufficiently advanced in terms of pretrial discovery for the summary judgment target to know what evidence likely can be mustered, and (2) the target must have received appropriate notice.... Notice, in this context, has two aspects: the summary judgment target is entitled to know both the grounds that the district court will consider and the point at which her obligation to bring forth evidence supporting the elements of her claim accrues." *Rogan v. Menino*, 175 F.3d 75, 79 (1st Cir.1999)(*citing Berkovitz v. HBO, Inc.*, 89 F.3d 24, 31 (1st Cir.1996))(internal citations omitted).

In view of the aforementioned, plaintiffs are hereby given notice of the Court's intention to dismiss this case *sua sponte* because the evidence of record, viewed in the light most favorable to plaintiffs fails,

---

cussing whether there is a liberty interest in bodily integrity); *see also, Wehran–Puerto Rico*, 106 F.Supp.2d at 287 (discussing that courts are reluctant to find due process violations in breach of contract claims against the government).

**4.** Plaintiffs have repeatedly tried to have this Court consider the findings of fact and conclusions of law contained in the state court's partial judgment as proof of defendants's liability under section 1983. (*See* Docket No. 198). In the partial judgment plaintiffs were granted the injunctive relief they sought and their license was returned because the state judge found that the conduct of the Family

Department's officers was random and unauthorized.

**5.** The Court is analyzing plaintiffs's claim under the rubric of procedural due process, given that plaintiffs have not alleged a substantive due process violation, and the Court does not recognize that one exists under the facts alleged in the complaint. *See, e.g., Davis v. Rennie*, 264 F.3d 86, 97–99 (1st Cir.2001); *Cruz–Erazo v. Rivera–Montanez*, 212 F.3d 617, 622–24 (1st Cir.2000); *PFZ Properties*, 928 F.2d at 31–32 (discussing that plaintiff's allegations do not rise to the level of violations of the federal constitution under a substantive due process label).

as a matter of law, to establish a due process claim under 42 U.S.C. § 1983. The Court therefore orders plaintiffs to show cause, by **June 27, 2002,** why it should not dismiss this case in its entirety.

IT IS SO ORDERED.