**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No.  04-1604

EZEQUIEL CASTRO-RIVERA, ET AL.,
Plaintiffs, Appellants,

v.

FERNANDO FAGUNDO, ET AL.,
Defendants, Appellees.

No.  04-1635

AURORA ADAMES, ET AL.,
Plaintiffs, Appellants,

v.

PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY, ET AL.,
Defendants, Appellees.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. Raymond L. Acosta, Senior U.S. District Judge]

Before
Boudin, Chief Judge,
Lipez and Howard, Circuit Judges.

Ramon E. Castro, Ida L. Castro and Aurora Adames on brief pro se.
Raul Castellanos-Malave and E. Umpierre Suarez, C.S.P. on brief for appellee Puerto Rico Highway and Transportation Authority.
Juan J. Villella-Janeiro on brief for appellee Barrett & Hale.
Francisco Rios-Rivera and Llovet Zurinaga & Lopez, P.S.C. on brief for appellee Esteban Mujica.

May 6, 2005

**Per Curiam**.  After a thorough review of the record and of the parties' lengthy submissions, we affirm the district court's dismissal of the federal claims in these cases pursuant to Fed. R. Civ. P. 12(b)(6).  The just compensation claim was not ripe at the time it was dismissed.  See Williamson County Reg'l Planning Comm'n v. Hamilton Bank, 473 U.S. 172 (1985).  Appellants suggest that the state procedures for obtaining just compensation are inadequate because they do not provide for recovery of attorney's fees; but there is no authority for this suggestion.  The American Rule is well-established, and it provides that attorney's fees "are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor."  Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 717 (1967).

The district court also was correct to dismiss the procedural and substantive due process claims.  Appellants seem to concede that they were afforded notice and an opportunity to be heard by the Environmental Quality Board that developed the Environmental Impact Statement in question.  But, where a plaintiff claims his procedural due process rights were violated, the federal court's only concern should be whether the procedure afforded was constitutionally adequate; and the local procedures here suffice. The appellants' claim that government officials acted arbitrarily and/or in violation of state law and procedures is a substantive due process claim.  See Zinermon v. Burch, 494 U.S. 113 (1990).

Not every incorrect decision by a state administrative body rises to the level of a due process violation. See PFZ Properties, Inc. v. Rodriguez, 928 F.2d 28, 31 (1st Cir. 1991) ("Even where state officials have allegedly violated state law or administrative procedures, such violations do not ordinarily rise to the level of a constitutional deprivation.") (citation omitted). "Our cases make clear that a regulatory board does not transgress constitutional due process requirements merely by making decisions 'for erroneous reasons' or by making 'demands which arguably exceed its authority under the relevant state statutes.'" Amsden v. Moran, 904 F.2d 748, 757 (1st Cir. 1990) (quoting Creative Env'ts, Inc. v. Estabrook, 680 F.2d 822, 832 n. 9 (1st Cir. 1982)). The court will allow substantive due process claims to proceed "in truly horrendous situations," Nestor Colon Medina & Succesores, Inc. v. Custodio, 964 F.2d 32, 45 (1st Cir. 1992); but "the threshold for establishing the requisite 'abuse of government power' is a high one indeed." Id. That threshold has not been met here.

For all of these reasons, the judgment of the district court in these cases is affirmed.