70 F.3d 1252
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
William J. CORCORAN, Plaintiff, Appellant,
v.
TOWN of Sudbury, et al., Defendants, Appellees.
 No. 95-1557.
 United States Court of Appeals, First Circuit.
 Nov. 28, 1995.
 
 Appeal from the United States District Court for the District of Massachusetts.
 D.Mass.
 AFFIRMED IN PART, VACATED IN PART.
 William J. Corcoran on brief pro se.
 Paul L. Kenny, Town Counsel, on brief for appellees Town of Sudbury, et al.
 David J. Hatem, Warren D. Hutchison, Andrew J. McBreen and Burns & Levinson on brief for appellee Elisa D. Cunningham.
 Wayne H. Scott on brief for appellee Wayne H. Scott.
 Mark A. McCormack and Sloane and Walsh on brief for appellee Cuddy, Lynch & Bixby.
 John E. Sutherland and Brickley, Sears & Sorett on brief for appellee Francis H. Clark.
 Before SELYA, STAHL and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant William J. Corcoran appeals the dismissal by the United States District Court for the District of Massachusetts of his complaint alleging violations of his civil rights, pursuant to 42 U.S.C. Sec. 1983 and 42 U.S.C. Sec. 1985, and a state law claim for attorney negligence. Both the federal and state claims arise out of a decision by the Sudbury Town Planning Board denying Corcoran's request for approval of a plan to subdivide a parcel of land. The Supreme Judicial Court of Massachusetts eventually ordered that the plan be approved. We affirm the dismissal of the federal claims but vacate the dismissal of the Corcoran's state claim.
 
 
 2
 Corcoran alleges violations of his federal rights to procedural and substantive due process, as well as his right to equal protection. However, in each case, he has failed to allege facts sufficient to support his claim. Therefore, his civil rights claims were properly dismissed.
 
 
 3
 Corcoran's right to procedural due process was not violated because, even if the initial denial of his proposed plan by the Town Planning Board was unjustified, the state provided an adequate remedy through the appellate process. See PFZ Properties, Inc. v. Rodriguez, 928 F.2d 28, 31 (1st Cir.1991) (no violation of procedural due process where state provides adequate judicial remedies for administrative error). Moreover, this court has held repeatedly, in similar cases, that, when the state provides adequate postdeprivation relief, the mere delay in obtaining that relief is insufficient to support a procedural due process claim. See Licari v. Ferruzzi, 22 F.3d 344, 349 (1st Cir.1994) (citing cases).
 
 
 4
 Corcoran's substantive due process claim fails because he has alleged no facts which in any sense constitute the sort of "conscience shocking" behavior necessary to support a substantive due process claim in the context of a zoning dispute. See id. at 350.
 
 
 5
 Corcoran's claim that he suffered a violation of his right to equal protection is precluded by the fact that he has not alleged that any selective treatment he might have received was "based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure." Rubinovitz v. Rogato, 60 F.3d 906, 910 (1st Cir.1995) (quoting Yerardi's Moody St. Restaurant & Lounge, Inc. v. Board of Selectmen, 878 F.2d 16, 21 (1st Cir.1989)).
 
 
 6
 "As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state law claim." Rodriguez v. Doral Mortg. Corp., 57 F.3d 1168, 1177 (1st Cir.1995). The district court has the authority, based on its assessment of the "totality of circumstances," to retain jurisdiction over state law claims in such cases. Id. (giving examples of some factors to be considered by the district court in this assessment).
 
 
 7
 In the instant case, although the district court granted the motion to dismiss the claim for attorney negligence, it does not appear to have undertaken the requisite calculus. This failure might induce us to remand the case to the district court for a proper exercise of its discretion. See Wright v. Associated Ins. Cos., 29 F.3d 1244, 1251 (7th Cir.1994) (finding dismissal improper in part because of district court's failure to perform requisite calculus). However, having reviewed the record, we find nothing which indicates that this is an unusual case where supplemental jurisdiction should be exercised. See Brennan v. Hendrigan, 888 F.2d 189, 196 (1st Cir.1989).
 
 
 8
 For the foregoing reasons, the dismissal of Corcoran's federal claims is affirmed. The dismissal of his claim for attorney negligence is vacated and remanded to the district court with instructions to dismiss the claim without prejudice to Corcoran's refiling the claim in state court. See Gloucester M.R. Corp. v. Charles Parisi, Inc., 848 F.2d 12, 16 (1st Cir.1988).