USCA1 Opinion

 

 November 28, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1557 WILLIAM J. CORCORAN, Plaintiff, Appellant, v. TOWN OF SUDBURY, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Nancy Gertner, U.S. District Judge] ___________________ ____________________ Before Selya, Stahl and Lynch, Circuit Judges. ______________ ____________________ William J. Corcoran on brief pro se. ___________________ Paul L. Kenny, Town Counsel, on brief for appellees Town of ______________ Sudbury, et al. David J. Hatem, Warren D. Hutchison, Andrew J. McBreen and Burns ______________ ___________________ _________________ _____ & Levinson on brief for appellee Elisa D. Cunningham. __________ Wayne H. Scott on brief for appellee Wayne H. Scott. ______________ Mark A. McCormack and Sloane and Walsh on brief for appellee __________________ __________________ Cuddy, Lynch & Bixby. John E. Sutherland and Brickley, Sears & Sorett on brief for ___________________ ___________________________ appellee Francis H. Clark. ____________________ ____________________ Per Curiam. Appellant William J. Corcoran appeals the __________ dismissal by the United States District Court for the District of Massachusetts of his complaint alleging violations of his civil rights, pursuant to 42 U.S.C. 1983 and 42 U.S.C. 1985, and a state law claim for attorney negligence. Both the federal and state claims arise out of a decision by the Sudbury Town Planning Board denying Corcoran's request for approval of a plan to subdivide a parcel of land. The Supreme Judicial Court of Massachusetts eventually ordered that the plan be approved. We affirm the dismissal of the federal claims but vacate the dismissal of the Corcoran's state claim. Corcoran alleges violations of his federal rights to procedural and substantive due process, as well as his right to equal protection. However, in each case, he has failed to allege facts sufficient to support his claim. Therefore, his civil rights claims were properly dismissed.  Corcoran's right to procedural due process was not violated because, even if the initial denial of his proposed plan by the Town Planning Board was unjustified, the state provided an adequate remedy through the appellate process. See PFZ Properties, Inc. v. Rodriguez, 928 F.2d 28, 31 (1st ___ ___________________ _________ Cir. 1991) (no violation of procedural due process where state provides adequate judicial remedies for administrative error). Moreover, this court has held repeatedly, in similar cases, that, when the state provides adequate postdeprivation relief, the mere delay in obtaining that relief is insufficient to support a procedural due process claim. See ___ Licari v. Ferruzzi, 22 F.3d 344, 349 (1st Cir. 1994) (citing ______ ________ cases). Corcoran's substantive due process claim fails because he has alleged no facts which in any sense constitute the sort of "conscience shocking" behavior necessary to support a substantive due process claim in the context of a zoning dispute. See id. at 350. ___ __ Corcoran's claim that he suffered a violation of his right to equal protection is precluded by the fact that he has not alleged that any selective treatment he might have received was "based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure." Rubinovitz v. Rogato, 60 F.3d 906, 910 (1st Cir. __________ ______ 1995) (quoting Yerardi's Moody St. Restaurant & Lounge, Inc. ______________________________________________ v. Board of Selectmen, 878 F.2d 16, 21 (1st Cir. 1989)). __________________ "As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state law claim." Rodriguez v. Doral Mortg. Corp., 57 F.3d 1168, 1177 _________ __________________ (1st Cir. 1995). The district court has the authority, based on its assessment of the "totality of circumstances," to retain jurisdiction over state law claims in such cases. Id. __ -3- (giving examples of some factors to be considered by the district court in this assessment).  In the instant case, although the district court granted the motion to dismiss the claim for attorney negligence, it does not appear to have undertaken the requisite calculus. This failure might induce us to remand the case to the district court for a proper exercise of its discretion. See ___ Wright v. Associated Ins. Cos., 29 F.3d 1244, 1251 (7th Cir. ______ ____________________ 1994) (finding dismissal improper in part because of district court's failure to perform requisite calculus). However, having reviewed the record, we find nothing which indicates that this is an unusual case where supplemental jurisdiction should be exercised. See Brennan v. Hendrigan, 888 F.2d 189, ___ _______ _________ 196 (1st Cir. 1989). For the foregoing reasons, the dismissal of Corcoran's federal claims is affirmed. The dismissal of his claim for ________ attorney negligence is vacated and remanded to the district _______ ________ court with instructions to dismiss the claim without prejudice to Corcoran's refiling the claim in state court. See Gloucester M.R. Corp. v. Charles Parisi, Inc., 848 F.2d ___ ______________________ ____________________ 12, 16 (1st Cir. 1988). -4-