**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0236-23

IN THE MATTER OF THE
ESTATE OF JOAN MCFADDEN,
deceased.

_____

Submitted November 7, 2024 – Decided January 10, 2025

Before Judges Currier and Paganelli.

On appeal from the Superior Court of New Jersey, Chancery Division, Burlington County, Docket No. P-0952-03.

Simeone & Raynor, LLC, attorneys for appellant John McFadden (Stefanio G. Troia and I. Dominic Simeone, on the briefs).

Stayton Law, LLC, attorneys for respondent Joseph R. McFadden (Herbert J. Stayton, on the brief).

PER CURIAM

Defendant John McFadden appeals from an August 9, 2023 order denying his post-trial motion for a credit to the balance of a final order and judgment entered against him on January 11, 2016 (January 2016 judgment).

We glean the facts and procedural history from the record.  Plaintiffs Joseph R. McFadden and Vincent J. McFadden[1] (plaintiffs) filed a complaint against defendant alleging that defendant as attorney-in-fact and as executor breached his fiduciary obligations to the decedent, Joan McFadden (decedent). The complaint asserted that defendant "converted [E]state assets thereby depriving plaintiff[s] and others named in the last will and testament . . . of substantial sums of money they otherwise would have inherited."

Defendant defended his actions, in part, by contending that the decedent "wanted him to have the Moorestown residence[2] and that the sums that he withdrew from her accounts were done with her urgings, her blessings and her assent."

The trial court did "not believe a word" defendant said during his trial testimony.  In part, the judge concluded that defendant:  advanced "only" defendant's interests, exerted "undue influence" over decedent, "ran roughshod

---

[1]  Vincent J. McFadden passed away on December 2, 2015.

[2]  Defendant received title to the Moorestown property by deed from decedent executed by defendant as her attorney-in-fact to himself.  Thereafter, defendant "executed a Home Equity Line of Credit Agreement . . . in the amount of $300,000" and "[t]o secure payment . . . executed a mortgage in the amount of $300,000."

over [decedent's] wishes and directions," and "severely abused" decedent's trust.[3]

As relevant to the issues on appeal, the January 2016 judgment provided:

> 2. Defendant . . . shall re-convey to the Estate of [decedent], by way of deed given in a regular grantor/grantee transaction, the real property located at 300 Pembrook Avenue, Moorestown, New Jersey . . ., subject to the mortgage lien of record, within thirty (30) days of the date of this Order and Judgment and shall be solely responsible for all costs and expenses associated with said conveyance, however, said re-conveyance shall be stayed pending further order of the [c]ourt so long as the conditions as set forth in paragraph four (4) below are met.
>
> . . . .
>
> 4. [Defendant] is to provide documentation to [p]laintiffs' counsel indicating that the mortgage is current as well proof of payment of any and all property taxes, homeowners insurance payments, and utilities.
>
> 5. A money judgment is hereby entered in favor of the Estate of [decedent] against [defendant] in the amount of $422,576[], said sum represents (1) the outstanding mortgage balance on the real property located at 300 Pembrook Avenue, Moorestown, New Jersey in the amount of $282,086[], (2) payments made to [defendant]'s American Express account in the amount of $91,864[], and (3) unaccounted for funds from the accounts of [decedent], in the amount of $48,526[].

---

[3] We affirmed the January 2016 judgment. In re Estate of McFadden, No. A-2484-15 (App. Div. Feb. 6, 2018).

6. Plaintiffs[] shall be allowed counsel fees in the amount of $121,875[], and $5,000[] in costs, as reasonable attorneys fees and costs in this matter. The same shall be paid personally by [d]efendant . . ., notwithstanding [d]efendant[']s[] right to challenge the personal payment of the same on appeal.

. . . .

The judge stated that:

[p]ost judgment issues, if any, as to whether [d]efendant [wa]s entitled to any credits for payments made or is obligated to be assessed for the reasonable value of occupancy here are reserved for further hearing. If and when the home is sold, [any] potential credits and debit issues, are hereby reserved.

In May 2019, the trial court granted the Estate's motion to enforce the January 2016 judgment. The order, as pertinent to the Moorestown property, (1) required defendant to re-convey to the Estate the property; (2) granted the Estate possession of the property; (3) allowed Joseph R. McFadden, the Administrator CTA (Administrator CTA) of the Estate to list the property for sale; and (4) restrained defendant from removing personal property from the property or taking any action as the Executor of the Estate.

In August 2019, the court found defendant violated the Estate's litigant's rights and granted the Administrator CTA's motion for expanded powers. Specifically, the order allowed the Administrator CTA to enforce the January

A-0236-23

2016 order in Pennsylvania and place a "lien, execute and levy on" defendant's real property in Pennsylvania. The order also required defendant to vacate the Moorestown property and pay attorney's fees and costs in the amount of $6,217.50.

In August 2020, the court granted the Estate's motion to sell the Moorestown property for $303,000.

In March 2021, the court entered an "Order for Approval of Mediation Settlement" concerning the mortgage. The Estate had filed suit against the mortgagee and the mortgagee had sued in foreclosure for the lack of mortgage payments. The order stated that "the court . . . approved the sale of the [Moorestown p]roperty on August 19, 2020 [and] the net proceeds of the sale was $272,028.11." Further, the order stated that the mortgagee "and the Estate would split the net proceeds of the [p]roperty sale." A discharge of the mortgage was filed.

In March 2022, the court granted the Administrator CTA's motion for the Estate to pay: (1) interim corpus commissions; (2) counsel fees for litigation costs; and (3) $95,000 of the $121,875 in attorney's fees and costs awarded against defendant in the January 2016 judgment. In rejecting defendant's opposition to payment of the interim corpus commissions, the judge stated that

5

defendant "comes now before the court seeking equitable relief with 'unclean hands' and should not be allowed to further delay interim relief[] when his own conduct substantially triggered this protracted litigation."

Defendant filed a "cross-motion for a credit in the amount of $282,086." The Estate opposed the motion detailing its steps throughout the litigation and defendant's misdeeds. The Estate argued defendant had "unclean hands" and the court should not consider defendant's motion until he complied with the August 19, 2019 order—paying counsel fees and costs in the amount of $6,217.50—and the Estate was made whole.

The judge denied defendant's cross-motion but stated that its "ruling d[id] not preclude [defendant]'s recovery, following a brief exchange of discovery and a proof hearing regarding the requested credit." Thus, the judge denied defendant's cross-motion without prejudice and converted the issues raised on the cross-motion to a plenary proceeding.

In April 2023, defendant filed another motion for a credit and reduction of the judgment balance. Defendant asserted: (1) the tax assessed value of the Moorestown property was $137,600 at the time of decedent's death; (2) the judgment "was based in large part upon the outstanding mortgage balance"; and (3) the property was sold and the mortgage satisfied and discharged. Therefore,

6

defendant sought a credit for the full amount of the mortgage portion of the judgment, $282,086, or some other "amount determined to be equitable and just by the [c]ourt."

Defendant argued, without a credit, "the Estate will in essence, be permitted to receive a double recovery. That is, it obtained the [d]ecedent's home, and it was able to have the mortgage discharged and retain sale proceeds in an amount which appears to be close to the date of death value of the property." In addition, defendant argued that if a credit was not granted his "due process rights guaranteed by the Fourteenth Amendment to the U.S. Constitution and Article I, Paragraph 1, of the New Jersey Constitution would be violated."

The Estate opposed defendant's motion, arguing the

> [c]ourt should withhold any consideration on the application . . . until such time as [defendant]: (1) . . . satisfies his fiduciary obligation to file New Jersey Inheritance and Estate Tax returns; (2) . . . pay[s] any taxes due as determined by the New Jersey Inheritance Tax Bureau; (3) . . . complies with the August 19[], 2019 Order of the Court and pays the counsel fees awarded in the amount of $6,217.50; and (4) the current litigation efforts to make the Estate . . . whole are concluded in the State of Pennsylvania to accurately determine the credit, if any, that [defendant] should get as against the [January 2016 judgment].

In denying the motion for a credit, the trial court relied on the doctrine of unclean hands. The judge concluded that defendant was:

seeking [a] reduction on a looming balance which he has, based on the evidence presented, not paid down or contributed towards since it was issued. In addition, to litigation costs and the judgment amount of January 11, 2016, [defendant] neglected to file estate and inheritance taxes for the Estate of Joan McFadden during his tenure as Executor. This Chancery Court will not reward [defendant] for his prior conduct of avoiding judgments and neglecting to carry out his duties as Executor of the Estate of Joan McFadden. Accordingly, the court **DENIES** [defendant]'s pending motion for credit and reduction of judgment balance.

On appeal, defendant does not contest the finding that he has unclean hands. Instead, he contends that "[u]nclean hands do not trump an individual[']s right to due process and/or notice" and "[u]nclean hands do not justify ignoring an inequitable judgment."

Defendant argues he is entitled to a credit, notwithstanding his unclean hands, under Rule 4:50-1(e), and a denial of a credit amounts to "a deprivation o[f] property in contravention of [his] substantive due process rights guaranteed by both the Fourteenth Amendment of the United States [C]onstitution and Article I, Paragraph 1 of the New Jersey Constitution."

I.

Defendant contends that he is entitled to a credit—reflecting the settlement between the Estate and the mortgagee—against the January 2016 judgment, under Rule 4:50-1(e). He argues that "it is no longer equitable that

the judgment or order should have prospective application" because "the debt to the Estate in the form of an outstanding mortgage in the amount of $282,086[] and as per the judgment entered in 2016, has now become a credit of $136,014.06 after the sale of the [p]roperty and discharge of the mortgage in 2020."

Rule 4:50-1(e) provides:

> upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment or order for the following reasons:
>
> . . . .
>
> (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application.

"In essence, the rule is rooted in changed circumstances that call the fairness of the judgment into question." DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 265-66 (2009).

"A basic equitable maxim is that 'he who seeks equity must do equity.'" Thompson v. City of Atl. City, 190 N.J. 359, 384 (2007) (quoting Ryan v. Motor Credit Co., 132 N.J. Eq. 398, 401 (E. & A. 1942)). Therefore, "[u]nder th[e equitable] doctrine [of unclean hands], '[a] suitor in equity must come into court

with clean hands and he must keep them clean after his entry and throughout the proceedings.'" Dobco, Inc. v. Bergen Cnty. Improvement Auth., 250 N.J. 396, 400 (2022) (quoting Am. Dream at Marlboro, L.L.C. V. Plan. Bd. of Marlboro, 209 N.J. 161, 170 (2012)) (fourth alteration in original). The doctrine "gives expression to the equitable principle that a court should not grant relief to one who is a wrongdoer with respect to the subject matter in suit." Faustin v. Lewis, 85 N.J. 507, 511 (1981).

A "trial court's determination under [Rule 4:50-1] warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion." US Bank Nat. Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). "The [c]ourt finds an abuse of discretion when a decision is 'made without rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Id. at 467-68 (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)) (internal quotation marks omitted).

In applying these well-established principles, we conclude the trial court did not abuse its discretion and, therefore, we find no reason to disturb the trial court's denial of the judgment credit. Defendant's argument focuses entirely on the benefits of the mortgage settlement. However, he omits that—from this matter's inception until now—his hands have been unclean. Under these

10

circumstances, the trial court did not abuse its discretion in rejecting defendant's attempt to invoke the equitable remedy under Rule 4:50-1(e).

## II.

Defendant contends that denying him a credit—reflecting the settlement between the Estate and the mortgagee—against the January 2016 judgment, violates his substantive due process rights under the Fourteenth Amendment to the U.S. Constitution and Article I Paragraph 1 of the New Jersey Constitution.[4]

The New Jersey Constitution declares that "[a]ll persons are by nature free and independent, and have certain natural and unalienable rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing, and protecting property, and of pursuing and obtaining safety and happiness." N.J. Const. art. I, ¶ 1.

"The principle of substantive due process, founded in . . . our State Constitution, N.J. Const. art. I, ¶ 1, protects individuals from the 'arbitrary exercise of the powers of government' and 'governmental power being used for the purposes of oppression.'" Felicioni v. Admin. Off. of the Courts, 404 N.J.

---

[4] Aside from reciting the language of the Fourteenth Amendment, defendant's brief only addresses the New Jersey standard regarding substantive due process issues. Therefore, we similarly focus our attention on that standard. Issues that are not briefed are deemed abandoned on appeal. State v. Shangzhen-Huang, 461 N.J. Super. 119, 125 (App. Div. 2008).

Super. 382, 392 (App. Div. 2008), abrogated in part by Perez v. Zagami, LLC, 218 N.J. 202 (2014) (quoting Daniels v. Williams, 474 U.S. 327, 331 (1986)).

"The substantive due process doctrine 'does not protect individuals from all governmental actions that infringe liberty or injure property in violation of some law.'" Rivkin v. Dover Twp. Rent Leveling Bd., 143 N.J. 352, 366 (1966) (quoting PFZ Properties, Inc. v. Rodriguez, 928 F.2d. 28, 31 (1st Cir. 1991)). "Rather, substantive due process is reserved for the most egregious governmental abuses against liberty or property rights, abuses that 'shock the conscience or otherwise offend . . . judicial notions of fairness . . . [and that are] offensive to human dignity.'" Ibid. (quoting Weimer v. Amen, 870 F.2d 1400, 1405 (8th Cir. 1989)) (alteration in original).

Applying these well-established standards to defendant's substantive due process claim, we conclude defendant's claim has no merit. The trial court's denial of a judgment credit—to a litigant in court with unclean hands—does not "shock the conscious" or "offend judicial notions of fairness." Ibid.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12

A-0236-23